**J. D. LEWIS, Appellant,**

v.

**Spencer CARVER, Trustee, et al.,**
**Appellees.**

**No. 15508.**

United States Court of Appeals
Fifth Circuit.

June 30, 1955.

Rehearing Denied July 29, 1955.

John B. Ogden, Oklahoma City, Okl., Joe B. Thompson, Ardmore, Okl., for appellant.

Spencer Carver, J. J. Fagan, Asst. Dist. Atty., Dallas, Tex., Biggers, Baker, Lloyd & Carver, Dallas, Tex., for appellees.

Before HUTCHESON, Chief Judge, JONES, Circuit Judge, and CHRISTENBERRY, District Judge.

HUTCHESON, Chief Judge.

On June 2, 1954, the court from which this appeal comes entered a judgment in the aggregate amount of $64,978 on several claims against J. D. Lewis, fixed the priorities of the several liens securing same, and ordered their foreclosure according to law on the East one-half of Lot 1, Block 5, Subdivision of W. H. Gaston Homestead and Lot 11, Block 2, Mount Auburn Addition, both in Dallas Texas, and execution in favor of each plaintiff for the balance remaining unpaid after crediting the proceeds of the foreclosure sale.

Motions for new trial and for stay of execution on the judgment were filed by Lewis and wife, and denied on June 28, 1954, and, pursuant to an order of sale, the properties were, on September 14, 1954, sold by the United States Marshal.

Thereafter, on November 4, 1954, J. D. Lewis and wife filed three motions in the

cause: (1) a motion to vacate the judgment on the ground that the state court had first acquired jurisdiction of the res, and the federal court, therefore, was without jurisdiction to proceed; (2) a motion to set aside the sale for gross inadequacy of price; and (3) a motion to be allowed to remove from the property sold, as a removable fixture and not covered by the mortgage, an air-conditioning plant.

On November 29, 1954, the court entered an order denying each of the motions, and movants appealing therefrom are here urging upon us: that each of them should have been granted; and that the orders appealed from must be reversed.

Appellees insisting that on their merits the motions are wholly without substance or merit, urge upon us in a motion to dismiss, filed March 12, 1955, which we have considered with the merits of the case, that the motion to vacate the judgment was not an appealable order, and, filed as it was after the judgment had become final, it did not extend the time for appealing from it under United States v. Muschany, 8 Cir., 156 F.2d 196; French v. Jeffries, 7 Cir., 161 F.2d 97; and similar cases; and that the appeal as a whole should be dismissed because there is no merit or substance in any of the points made and because the appellant, without cause and without obtaining an order for delay, has failed to diligently prosecute his appeal and has misused and abused the rules of procedure for the purpose of obstructing the collection of the final judgment.

█ We agree that the order denying the motion to set aside the judgment, filed after it had become final, is not an appealable order.

██ As to the other point in appellees' motion, that the appeal is without substance as to any of the orders appealed from, and that, while we have the discretion to excuse the failure to prosecute an appeal with diligence and

in accordance with the rules if a search of the record shows the appeal to be meritorious,[1] an examination of the briefs and record in this case shows that, as contended by appellees in their motion, the appeal is without merit or substance and that it would be an abuse of our discretion to entertain the appeal, notwithstanding the appellant's dilitoriness, only to hold it completely without merit.

The motion to dismiss will, therefore, be granted and the appeal will be dismissed.

1. Arline v. Brown, 5 Cir., 190 F.2d 180; Ispass v. Pyramid, 330 U.S. 695, 67 S.Ct. 954, 91 L.Ed. 1184.