MARY JENNETTE VYSKOCIL *vs.* LEONARD VYSKOCIL.

Worcester. May 3, 1978. — August 8, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, LIACOS, & ABRAMS, JJ.

*Practice, Civil,* Appeal. *Massachusetts Rules of Appellate Procedure,* Assembly of record, Dismissal of appeal.

The failure of an appellant to comply with Rule 9(c) of the Massachusetts Rules of Appellate Procedure did not require dismissal of the appeal, but rather the judge had discretion to dismiss the appeal or not to do so. [139–140]

PETITION for contempt filed in the Probate Court for the county of Worcester on November 26, 1975.

The case was heard by *Conlin, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Arline S. Rotman* for the plaintiff.

*Gordon Graham* for the defendant.

HENNESSEY, C.J. This case raises issues of appellate procedure related to those discussed in *Maurice Callahan & Sons* v. *Outdoor Advertising Bd., ante* 135 (1978). The plaintiff, a Colorado resident, brought an action in the Probate Court for contempt, alleging that her former hus-

---

band, now a Massachusetts resident, had failed to comply with a Minnesota divorce judgment. After thorough evidentiary hearings, the judge held that the defendant was not in contempt, and the plaintiff filed a timely notice of appeal on December 8, 1976. The forty-day period prescribed by Rule 9 (c) of the Massachusetts Rules of Appellate Procedure ended on January 17, 1977, without any action having been taken toward assembly of the record, and also without any request having been made to extend the deadline. See Mass. R. A. P. 9 (c), 365 Mass. 851 (1974);[1] Mass. R. A. P. 9 (e), 365 Mass. 851 (1974).[2] At some time in January, 1977, the plaintiff decided to change lawyers. The new lawyer filed an appearance on January 24, promptly ordered transcripts, and filed them with the court on February 9—sixty-three days after the notice of appeal had been filed.

On February 17, the defendant filed a motion in the Probate Court to dismiss the appeal. The judge allowed the motion on March 22. In the meantime, the original lawyer had withdrawn from the case, the clerk had assembled the record and issued notice of its assembly, and the plaintiff had docketed the appeal in the Appeals Court. The plaintiff appealed the dismissal, and the Appeals Court consolidated the two appeals. This court granted direct appellate review.

---

[1] Rule 9 (c) of the Massachusetts Rules of Appellate Procedure provides, in part, that "[i]n addition to complying with the provisions of Rule 8 (b) [concerning the transcript of proceedings], each appellant shall within forty days after filing the notice of appeal take any action necessary, or reasonably requested by the clerk, to enable the clerk of the lower court to assemble the record."

[2] Rule 9 (e) of the Massachusetts Rules of Appellate Procedure provides, in part, as follows: "The lower court for cause shown may extend the time for complying with the requirements of paragraph (c) of this rule. A request for extension must be made within the time originally prescribed or within an extension previously granted. If the lower court is without authority to grant the relief sought or has denied a request therefor, the appellate court or a single justice may on motion for cause shown, and upon such terms as it may deem proper, extend the time for complying with the requirements of paragraph (c) of this rule."

Under our procedure, a motion to dismiss an appeal because of the appellant's violation of Rule 9 (c) is made to the lower court. Mass. R. A. P. 10 (c), as amended, 367 Mass. 919 (1975). The question in the second appeal is whether the judge erred in dismissing the first one. The judge ruled that "the expiration of the 40-day period without assembly of the record having taken place leaves this Probate Court without power to permit the appeal to proceed and the motion to dismiss must be allowed." Presumably the judge acted in reliance on language in *Westinghouse Elec. Supply Co.* v. *Healy Corp.*, 5 Mass. App. Ct. 43 (1977). Nevertheless the judge erred in reaching this conclusion, since, subsequent to the judge's ruling, this court pointed out that "our rule [9(c)] does not require the record to be assembled in forty days." *Superintendent of Worcester State Hosp.* v. *Hagberg*, 374 Mass. 271, 274 (1978). *Maurice Callahan & Sons* v. *Outdoor Advertising Bd.*, *supra* at 136. The forty-day period having expired without a request for extension and without the plaintiff having taken all steps necessary for assembly of the record, the judge lacked power to permit the appeal to proceed, see Mass. R. A. P. 9 (e), but it does not follow that the appeal had to be dismissed. See *Gilmore* v. *Gilmore*, 369 Mass. 598, 602-603 (1976). The judge had discretion to dismiss the appeal or not to do so.

The Massachusetts Rules of Appellate Procedure are to be given the same construction given to corresponding provisions of the Federal rules, absent compelling reasons to the contrary or significant differences in content. See, e.g., *Farley* v. *Sprague*, 374 Mass. 419, 423-424 (1978); *Rollins Environmental Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 179-180 (1975). Rule 9(c) differs from its Federal counterpart in the obligation imposed on the appellant, but the function of the two rules is essentially the same, namely to put the responsibility for expediting the appeal squarely on the appellant. Compare Mass. R. A. P. 9 (c) with Fed. R.A.P. 11(a). See generally 9 Moore's Federal Practice par. 211.05, at 1811 (2d ed. 1975). A failure to

comply with Rule 9 (c) is to be regarded, in the words of *Schulte* v. *Director of the Div. of Employment Security*, 369 Mass. 74, 79 (1975), as a "serious misstep," not a "relatively innocuous one," the appropriate remedy or penalty for which is presumptively dismissal of the appeal. See *Gilmore* v. *Gilmore, supra* at 602-603; *Gilroy* v. *Erie Lackawanna R.R.*, 421 F.2d 1321, 1323 (2d Cir. 1970). There may be cases, however, in which a motion to dismiss should be denied notwithstanding the appellant's noncompliance with Rule 9 (c). The rules do not require dismissal in this situation, cf. Mass. R. A. P. 3 (a), 365 Mass. 845 (1974),[3] and it is clear that the lower court may deny the motion to dismiss in a case that presents a meritorious issue on appeal when the court finds that there has been excusable neglect. Cf. *Tisei* v. *Building Inspector of Marlborough*, 3 Mass. App. Ct. 377, 379 (1975); *Lewis* v. *Carver*, 223 F.2d 867, 868 (5th Cir. 1955). The plaintiff correctly asserts that these are the standards that should have governed the judge's ruling on the motion to dismiss. These are also the standards which an appellate court should apply in ruling on a motion for a late extension of the forty-day period. See Mass. R. A. P. 9 (e).

The circuity and obviously wasted effort involved in these proceedings can be avoided in future cases if the parties take a more realistic view of the respective purposes of Rules 9 (c), 9 (e) and 10 (c).[4] Considering that the probate judge lacked power to grant an extension of time

---

[3] Rule 3 (a) of the Massachusetts Rule of Appellate Procedure provides, in part, as follows: "Failure of an appellant to take any step other than the timely filing of a notice of appeal shall not affect the validity of the appeal, but shall be ground only for such action as the appellate court deems appropriate, *which may include dismissal of the appeal*" (emphasis supplied). See also *Gilmore* v. *Gilmore, supra* at 602-603.

[4] The parties should be guided by the *Hagberg* case, which, of course, was not available to the judge or the parties here, who followed the holding of the *Westinghouse* case.

after the expiration of forty days, and considering the plaintiff's efforts to further her rights on appeal, it is now clear, although the appropriate course was unsettled at the time of these proceedings, that it was a futile exercise for the parties to pursue the motion to dismiss at the trial court level. The efficient course was for the plaintiff to press for an extension of time in the Appeals Court. The motion to dismiss in this or any similar case could appropriately be pressed if and when an extension had been denied in the Appeals Court, or when it became apparent that the appellant was not actively seeking such relief in the Appeals Court.

Thus, since the same standards are applicable in both the trial court and the appellate court proceedings, the case is remanded to the Appeals Court, cf. Mass. R. A. P. 2, 365 Mass. 845 (1974), where the appellant may move for a late extension of the forty-day period. If the extension is allowed, the dismissal in the Probate Court is to be reversed by order of the Appeals Court. If the extension is denied or if the appellant does not actively pursue such relief, the dismissal is to be affirmed. We think it is appropriate that the Appeals Court, or a Justice of that court, should set a reasonable time limit within which the appellant must file a motion for extension of time, or suffer affirmation of the dismissal of the appeal.

*So ordered.*