REITER OLDSMOBILE, INC. vs. GENERAL MOTORS
CORPORATION & another.[1]

Hampden. September 11, 1978. — October 26, 1978.

Present: HALE, C.J., ARMSTRONG, & BROWN, JJ.

*Practice, Civil,* Appeal. *Rules of Appellate Procedure,* Assembly of
record.

Rule 9(c) of the Massachusetts Rules of Appellate Procedure does not
require that a record be assembled within forty days after the filing
of a notice of appeal but merely that the appellant take any action
necessary within forty days to enable the clerk to assemble the
record. [639–640]

CIVIL ACTION commenced in the Superior Court on
March 8, 1976.

The action was heard by *Moriarty,* J.

A motion to extend time to assemble the record, filed
in the Appeals Court, was considered by *Keville,* J.

*Michael G. West* for the plaintiff.

*Robert L. Dambrov* for Tober Foreign Motors, Inc., sub-
mitted a brief.

ARMSTRONG, J. The plaintiff, an Oldsmobile dealership,
brought this action for the purpose of enjoining the de-
fendants from franchising and maintaining another
Oldsmobile dealership in the same city, contending that
that conduct constituted an unfair method of competition
or an unfair or deceptive practice under the provisions of
G. L. . 93B, §§ 3 and 4(3) (*l*), inserted by St. 1970, c. 814,
§ 1.[2] The judge allowed a motion under Mass.R.Civ.P.

---

[1] Tober Foreign Motors, Inc.

[2] The Supreme Judicial Court has recently upheld the constitution-
al validity of § 4(3) (*l*) in another case between the same parties, *Tober
Foreign Motors, Inc.* v. *Reiter Oldsmobile, Inc.,* 376 Mass. 313 (1978).

12(b) (6), 365 Mass. 755 (1974), to dismiss on the ground that the complaint failed to state a cause of action, ruling that, under the provisions of G. L. c. 93B, § 12, as then in effect, the plaintiff had no standing to seek injunctive relief and that the complaint failed to state a claim for damages due to its failure to indicate that the plaintiff sent a demand letter as required by G. L. c. 93A, § 9, the provisions of which were incorporated in the then § 12 by reference.[3] A judgment dismissing the complaint was entered on October 13, 1976, and the plaintiff filed its notice of appeal on October 15, 1976. The appeal was never docketed in this court, however, due to the fact that the clerk of courts never issued a notice of assembly of the record. See Mass.R.A.P. 9(a) and (c), 365 Mass. 851–853 (1974), and 10(a), as amended, 367 Mass. 919 (1975).

On March 2, 1977, the plaintiff filed in this court a motion to extend the time for assembly of the record. That motion was denied by a single justice, and the plaintiff appealed from the order of denial. It is the appeal from the single justice's order, not the appeal from the judgment entered in the Superior Court, which is presently before us for decision.

The single justice's order was entered without explanation, but it is safe to assume that it was predicated on, and it was clearly in accord with, the then most recent case law on the subject, *Westinghouse Elec. Supply Co.* v. *Healy Corp.*, 5 Mass. App. Ct. 43 (1977). That case had held that, under the provisions of Mass. R.A.P. 9(c), 365 Mass. 852 (1974), the record had to be assembled within forty days from the filing of the notice of appeal or within any extension of that time granted under the provisions of Mass. R.A.P. 9(e), 365 Mass. 853 (1974), and that, if the record had not in fact been assembled within the forty-day pe-

---

[3] The language of G. L. c. 93B, § 12, on which these rulings were based has subsequently been replaced by wholly different language. See now G. L. c. 93B, §§ 12 and 12A, both as appearing in St. 1977, c. 717, § 5.

riod or any extension thereof, a single justice of this court would not normally grant permission for late assembly except upon a showing that there was good cause for the delay and that the appeal would present a meritorious issue for decision. 5 Mass. App. Ct. at 60–61. The plaintiff's motion for late assembly showed neither (except, as to meritoriousness, by way of unsubstantiated assertion).

Since the time that the single justice acted, the *Westinghouse* case has been overruled in two important respects, one of which[4] is dispositive of the present appeal. In *Superintendent of Worcester State Hosp.* v. *Hagberg,* 374 Mass. 271, 273–274 (1978), the Supreme Judicial Court held that the forty-day period in Mass.R.A.P. 9(c) does not apply to the clerk's assembly of the record but only to the appellant's duty to furnish the clerk with whatever papers may be necessary (or may be reasonably requested by the clerk) to enable him to assemble the record. "No specific time period is prescribed for the assembly." *Id.* at 273.[5] The duty which rule 9(c) commonly imposes on an appellant is that of furnishing a transcript of testimony to the clerk, which is an "action necessary . . . to enable the clerk . . . to assemble the record" within the meaning of rule 9(c) in any case where the parties have not informed the clerk by their filings under Mass.R.A.P. 8(b), 365 Mass. 850 (1974), that no transcript

---

[4] The second respect in which the *Westinghouse* case, at 58–59 and 60–61, has been overruled is in its holding that an appellee's motion, filed in the trial court under Mass.R.A.P. 10(c), as amended, 367 Mass. 919 (1975), to dismiss an appeal due to an appellant's failure to comply in timely fashion with rule 9(c) should be heard and determined in the trial court before the appellant's motion for an extension of time is considered by the appellate court under rule 9(e). *Vyskocil* v. *Vyskocil,* 376 Mass., 137, 140 (1978), holds that the appellate court should act on the appellant's motion for an extension of time before the trial court acts on the appellee's motion to dismiss.

[5] The references in Mass.R.A.P. 9(e) to the "time for assembling the record" and "the time . . . fixed" for "the record to be assembled" should be read as referring to the time for performance of the appellant's obligation under rule 9(c).

or portions thereof are to be furnished. In such a case, an appellant's failure, within the forty-day period set by rule 9(c), either to furnish the transcript or to request an extension is "a 'serious misstep', not a 'relatively innocuous one', the appropriate remedy or penalty for which is presumptively dismissal of the appeal." *Vyskocil* v. *Vyskocil*, 376 Mass. 137, 140 (1978).[6] But in a case where there has been no testimony taken in court, and there are no transcript, exhibits, or other papers to be furnished by the appellant to the clerk in order to enable him to assemble the record, the appellant has no duty to perform under Mass.R.A.P. 9(c) and the forty-day period for discharging such a duty or obtaining an extension under Mass.R.A.P. 9(e) is of no applicability. *Maurice Callahan & Sons, Inc.* v. *Outdoor Advertising Bd.,* 376 Mass. 135, 137 (1978).

The present case falls into the latter category. It was heard on a motion to dismiss. The pleadings, motion, and all other papers in the case were in the possession of the clerk before the notice of appeal was filed, and there was no occasion for the plaintiff to take any action in order to comply with the requirements of rule 9(c). The case thus falls directly within the authority of *Maurice Callahan & Sons, Inc.* v. *Outdoor Advertising Bd., supra.*[7] It follows that the order of the single justice denying the plaintiff's motion for an extension of time must be affirmed, not upon the rationale of the *Westinghouse* case (which was doubtless the basis for the order at the time it was made), but for the reason that the extension of time sought by the plaintiff was unnecessary.

*So ordered.*

---

[6] Dismissal may be avoided, however, and an extension of time may be granted if the appellant demonstrates to the satisfaction of the appellate court (see note 4, *supra*) both that his non-compliance is the result of excusable neglect and that the appeal presents a meritorious issue. *Vyskocil* v. *Vyskocil*, 376 Mass. at 140 and cases cited.

[7] If there has been a breach of the rules due to the clerk's failure to assemble the record "as soon as may be after the filing of the notice of appeal," Mass.R.A.P. 9(a), that breach does not jeopardize the appeal because it is not one which was attributable to the plaintiff. *Gilmore* v. *Gilmore,* 369 Mass. 598, 603 (1976). *Superintendent of Worcester State Hosp.* v. *Hagberg,* 374 Mass. 271, 273–274, (1978).