MARY JENNETTE VYSKOCIL *vs.* LEONARD VYSKOCIL. February 12, 1979. 1. Following the decision of the Supreme Judicial Court in *Vyskocil* v. *Vyskocil*, 376 Mass. 137 (1978), a single justice of this court

[1] Chrysler Credit Corporation.

allowed the plaintiff's motion for an extension of time to comply with the requirements of Mass.R.A.P. 9(c), 365 Mass. 852 (1974), and the order of the Probate Court dismissing the appeal must accordingly be reversed. 376 Mass. at 141. 2. The judge erred in concluding that the defendant's obligation under the "additional alimony" provisions of the Minnesota divorce judgment (which was based upon and incorporated the parties' written agreement) was to pay as additional alimony one-third of net, rather than gross, increases in salary over the base figure. If the parties' intention is left ambiguous by the use of the words "a sum equal to one third ... of any salary increases, bonus or compensation, over and above the basic figure of ... $25,000 per year," the ambiguity is resolved by the undisputed facts that (1) the defendant's gross salary in the year the parties signed the agreement was $24,879.82, (2) the provision for base alimony, $660 per month, amounted to approximately one third of the gross, rather than the net, salary, and (3) the parties' conduct since the agreement went into effect indicates that they interpreted the additional alimony provision as being triggered by increases which put the defendant's gross, but not his net, salary above $25,000. The hybrid interpretation suggested by the defendant, that an increase in gross salary triggers the payment of additional alimony, but the additional alimony payable is limited to one-third of the increase in net salary, is plainly at variance with the words employed. 3. The judge properly denied the plaintiff's claim for reimbursement of certain sums spent for special tutoring and remedial instruction, not because of his finding (which was warranted by the evidence) that the daughter did not have dyslexia, but because of his finding that the instruction was educational, rather than medical, in nature and was thus governed by the educational expense provisions, rather than the medical expense provisions, of the parties' unusually detailed agreement. The finding in question was plainly warranted and we decline to disturb it. 4. The order dismissing the appeal is reversed. The judgment is reversed. The case is remanded to the Probate Court for further proceedings consistent with part 2 hereof.

*So ordered.*

*Arline S. Rotman* for the plaintiff.
*Gordon Graham* for the defendant.