INGERSOLL GROVE NURSING HOME, INC. *vs.* SPRINGFIELD GAS LIGHT COMPANY (and a companion case). February 21, 1979. The plaintiffs here are appealing from an order of a Superior Court judge dismissing their appeals from the allowance of the defendant's motions for directed verdicts in actions for damages caused by the explosion of a stove which occurred at the corporate plaintiff's premises. We conclude that the plaintiffs' original appeals were properly dismissed. 1. The bills of exceptions filed by the plaintiffs on May 16, 1974, were treated as timely notices of appeal when the new rules of civil procedure went into effect on July 1, 1974. Mass.R.Civ.P. 1A, par. 7, 365 Mass. 732 (1974). In lieu of the record on appeal Mass.R.A.P. 8(d), 365 Mass. 851 (1974), permits the parties to "prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the lower court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented." If approved by the lower court, the agreed statement is retained in the lower court as the record on appeal. On July 22, 1974, the plaintiffs filed their assented to "Substituted Consolidated Bill of Exceptions and Statement of Evidence." It was approved on that date by the judge as an agreed statement of the case under Mass.R.A.P. 8(d). The plaintiffs were then required to docket their appeal by paying the required docket fee to the appellate court "[w]ithin 10 days ... of approval by the lower court of an agreed statement, pursuant to Rule 8(d)." Mass.R.A.P. 10(a), 365 Mass. 853 (1974). The plaintiffs failed to take the steps required of them to docket their appeals in this court. The appeals have never been docketed, and the docket fees have never been paid to the clerk of this court. On March 31, 1977, the judge ordered the dismissal of the plaintiffs' appeals. Failure properly to docket an appeal in accordance with Mass.R.A.P. 10(a) is ground for dismissal of an appeal. Mass.R.A.P. 10(c), as amended, 367 Mass. 919 (1975). *Westinghouse Elec. Supply Co.* v. *Healy Corp.*, 5 Mass. App. Ct. 43, 57-58 (1977). "[W]e perceive no intention on the part of the draftsmen of our rules to detract from the significance of timely docketing. Mass.R.A.P. 10(a) follows Fed.R.A.P. 12(a) in forbidding late docketing except by order of the appellate court made upon motion for cause shown." *Id.* at 58. As the plaintiffs have failed to docket their appeals within the time prescribed by Mass.R.A.P. 10(a) and have not shown good cause for failing to do so, the defendant's motion to dismiss the appeals pursuant to Mass.R.A.P. 10(c) was properly allowed. Moreover, even though the rules do not

require dismissal in these circumstances, it is clear that where there has been a failure to docket the lower court may dismiss when it determines, as it did here, that the appeal is not meritorious. See *Tisei* v. *Building Inspector of Marlborough*, 3 Mass. App. Ct. 377, 379 (1975). Compare *Vyskocil* v. *Vyskocil*, 376 Mass. 137, 139-140 (1978). 2. The plaintiffs' alternative contention is that if they did not satisfy the requirements of Mass.R.A.P. 8(d), their "Substituted Consolidated Bill of Exceptions and Statement of Evidence" constituted a settled statement of the evidence under Mass.R.A.P. 8(c), 365 Mass. 850 (1974). We do not agree. It is the obligation of the appellant to order from the reporter a transcript of the proceedings for inclusion in the record. Mass.R.A.P. 8(b), 365 Mass. 850 (1974). The appellant may prepare and submit a statement of the evidence or proceedings from the best available means, but only "[i]f no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable." As the motion judge found that a transcript of the lower court proceedings "was made and available," the plaintiffs were not entitled to substitute a statement of the evidence under Mass.R.A.P. 8(c). In sum, the plaintiffs' failures to comply with the requirements of Mass.R.A.P. 8 and 10 were adequate grounds to support the dismissal of their original appeals. 3. We note in passing that notwithstanding all the various pleadings the plaintiffs have filed in this matter, they have at no time between July 22, 1974, and the present sought relief in this court under the relevant provisions of Mass.R.A.P. 10(a), as amended, 367 Mass. 919 (1975), or 14(b), 365 Mass. 859 (1974). See *Vyskocil* v. *Vyskocil, supra* at 140-141. Accordingly, the order dismissing the original appeals is affirmed.

*So ordered.*