COMMONWEALTH vs. LANE'S FURNITURE CO., INC.

Suffolk. January 5, 1979. — April 20, 1979.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & LIACOS, JJ.

*Moot Question. Practice, Civil*, Moot case. *Consumer Protection Act*, Going out of business sale.

Upon appeal of an action by the Attorney General seeking a determination that the defendant was not entitled to conduct a "going out of business sale" at the same location at which, within two years, it had conducted a sale designated as a "must vacate" sale, this court declined to express its views concerning the proper construction of G. L. c. 93, § 28A (2) (c), where the case was moot because the defendant had concluded its sale and ceased business and no worthwhile purpose would be served by deciding the issue. [874-875]

CIVIL ACTION commenced in the Superior Court on April 26, 1977.

The case was heard by *Morse*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Carolyn A. Kelliher*, Assistant Attorney General (*Richard Gross*, Assistant Attorney General, with her) for the Commonwealth.

WILKINS, J. The Attorney General, acting on behalf of the Commonwealth, commenced this proceeding, under G. L. c. 93A, § 4, and G. L. c. 93, § 28E, to obtain a determination, and an injunction declaring, that the defendant was not entitled to conduct a "going out of business sale" at the same location at which, within two years, it had conducted a sale designated as a "must vacate" sale. The Attorney General relied on that portion of G. L. c. 93, § 28A, as appearing in St. 1961, c. 324, which indirectly but in effect forbids a person from conducting a "going

out of business sale" and certain other sales if he (or an affiliated entity) has "conducted a going out of business sale or sale of similar designation, at the same location" (*id.*[2][c]) within two years preceding the date of the filing of a pre-sale inventory as required by § 28A.

A judge of the Superior Court heard the case on a statement of agreed facts. He ruled that a "must vacate sale" was not a "going out of business sale or sale of similar designation" within the meaning of § 28A (2) (c) and entered a judgment that "§ 28A does not prohibit the defendant from conducting a going-out-of-business sale." The Attorney General appealed. The Appeals Court appears to have denied the defendant's motion to dismiss for mootness. The defendant based its motion on the ground that it had concluded its going out of business sale and was no longer in business. The defendant did not file a brief in the Appeals Court. A panel of that court considered the record and the Commonwealth's brief and, pursuant to rule 1:28 of that court (as amended, 6 Mass. App. Ct. 982 [1978]), without oral argument, ordered that the judgment be affirmed without opinion. *Commonwealth* v. *Lane's Furniture Co.*, 6 Mass. App. Ct. 977 (1978). We granted the Commonwealth's request for further appellate review.

The issue which the Commonwealth presents is moot because the defendant has concluded its sale and has ceased business. On occasion, however, we have expressed our views where an issue might arise again, and, if it did, would likely be mooted by the passage of time in the appellate process. See *Superintendent of Worcester State Hosp.* v. *Hagberg*, 374 Mass. 271, 274 (1978). Cf. *First Nat'l Bank* v. *Haufler, ante* 209, 211 (1979). The question here is whether an expression of our opinion concerning the construction of § 28A (2) (c) would serve a worthwhile purpose. We conclude that it would not.

The draftsmanship of § 28A leaves much to be desired. It does not contain direct prohibitions of particular conduct but rather requires representations in a statement

signed under the penalties of perjury by the owner of the business. A violation of any provision of § 28A is punishable by a fine or imprisonment or both. G. L. c. 93, § 28D. It is important that a statute having such a penal aspect be as clear as it can reasonably be. The members of the court are not in agreement concerning the proper interpretation of the words "sale of similar designation." If we are unable to agree whether a "must vacate" sale is a "going out of business sale or sale of similar designation," we think persons who must comply with § 28A at their peril will be similarly uncertain. An expression of our divergent views would not contribute meaningfully to the administration of § 28A.

We granted further appellate review because of the importance of protecting consumers against the kinds of frauds and deceptions which can be carried out in so-called "close out" or "liquidation" sales. The problem has been subject to legislation elsewhere. See, e.g., N.Y. Gen. Bus. Law art. 29-F (McKinney 1968 & Supp. 1978) (Going Out Of Business Sales); New York City, N.Y., Administrative Code, c. 32, tit. B. art. 28, §§ B32-205.0 to B32-215.0. See also Dole, Merchant and Consumer Protection: The Uniform Deceptive Trade Practices Act, 76 Yale L.J. 485, 492 (1967). We believe that the problems of draftsmanship in § 28A can better be resolved by legislative action than by piecemeal judicial construction.

Because the case is moot, the judgment shall be vacated with the notation that the decision is not on the merits, and the case remanded to the Superior Court with directions to dismiss the action. See *Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 708 (1976).

*So ordered.*