MELVIN G. DORRANCE *vs.* ZONING BOARD OF APPEAL OF NORTH ATTLEBOROUGH & another. June 6, 1979. The plaintiff brought suit to review the grant of a variance by the zoning board of appeal of North Attleborough, and his action was dismissed for failure to comply with the procedural requirements of G. L. c. 40A, § 21 (reference is to the "old" zoning enabling act, as amended through St. 1974, c. 78, § 1, prior to amendment by St. 1975, c. 808, § 3), specifically, failing to file on time with the town clerk a written notice of the commencement of his action in the Superior Court, together with a copy of his complaint. See *Pierce* v. *Board of Appeals of Carver,* 369 Mass. 804, 808 (1976); *Costello* v. *Board of Appeals of Lexington,* 3 Mass. App. Ct. 441, 442-443 (1975).

From the judgment of dismissal, the plaintiff noticed a timely appeal. Mass.R.A.P. 4, 365 Mass. 846 (1974). Thereafter, plaintiff's counsel notified the Superior Court clerk that the plaintiff proposed to prepare a "statement of the evidence or proceedings" pursuant to

Mass.R.A.P. 8(c), 365 Mass. 850 (1974), and eight days later, in open court, plaintiff's attorney again undertook to file a statement of evidence or proceedings as the "action necessary, or reasonably requested by the clerk, to enable the clerk of the lower court to assemble the record...." Mass.R.A.P. 9(c), 365 Mass. 852 (1974). The judge incorporated this undertaking in an order of the court. Before plaintiff filed a statement of proceedings, sixty-nine days had elapsed since filing of the notice of appeal and fifty-three days since the time of the order and plaintiff's second undertaking in open court to file the rule 8(c) statement. Rule 9(c) allows forty days.

Under these circumstances, the trial judge acted appropriately in accordance with the discretion reposed in trial judges on motions to dismiss for failure to comply with rule 9(c). *Vyskocil* v. *Vyskocil*, 376 Mass. 137, 139 (1978). This is not a case where the appellant has taken every action expected of him under the rules and the record is not assembled for reasons having to do with misfiring in other parts of the appellate machinery. Compare *Superintendent of Worcester State Hosp.* v. *Hagberg*, 374 Mass. 271, 273-274 (1978). In this case, the failure of the plaintiff to take steps to enable the clerk to assemble the record was entirely due to his own inaction. A failure to comply with rule 9(c) is a "serious misstep," not a "relatively innocuous one," for which dismissal of the appeal is an appropriate remedy. *Vyskocil* v. *Vyskocil*, 376 Mass. at 139-140. *Reiter Oldsmobile, Inc.* v. *General Motors Corp.*, 6 Mass. App. Ct. 637, 640 (1978).

*Judgment affirmed.*

*Roger M. Ferris* for the plaintiff.
*Stephen D. Clapp* for Adolph Monson.