FREDERICK KRUPP vs. GULF OIL CORPORATION.

Nos. 89-P-414, 89-P-479 & 89-P-548.

Suffolk. October 10, 1989. - August 8, 1990.

Present: ARMSTRONG, CUTTER, & PERRETTA, JJ.

*Practice, Civil*, Judgment, Review of interlocutory action, Appeal.

A so-called "judgment" on liability for the plaintiff in a civil action was
   not an appealable final judgment within the meaning of Mass.R.Civ.P.
   54(a) and (b), where that "judgment" made no determination as to
   damages; the defendant's reliance on a court employee's incorrect ad-
   vice, concerning the effect of entry of judgment on damages and the
   need for a further notice of appeal, did not constitute excusable neglect
   that would have warranted relief from single justices of this court.
   [118-119]
A party in a civil action was precluded from raising a nonjurisdictional
   issue for the first time on appeal. [119-120]

MOTIONS to extend the time for filing a notice of appeal,
filed on February 27, 1989, and for reconsideration, filed on
April 21, 1989, were considered in the Appeals Court by
*Smith,* J.; a motion for a preliminary injunction, filed on
April 3, 1989, was considered in the Appeals Court by
*Warner,* J.

*Thomas D. Burns (John J. McGivney* with him) for the
defendant.

*Richard L. Neumeier (Paul A. Kelley* with him) for the
plaintiff.

ARMSTRONG, J. These appeals illustrate once again the
confusion that can ensue when courts fail to adhere to the
seemingly clear mandate of the Massachusetts Rules of Civil
Procedure that the term "judgment" should be reserved for
the order that disposes finally of all of the claims of all of the
parties. *Bragdon* v. *Bradford O. Emerson, Inc.,* 19 Mass.
App. Ct. 420, 423 n.3 (1985). See Mass.R.Civ.P. 54(a) and

(b), 365 Mass. 820-821 (1974), and 58(a), as amended, 371 Mass. 908 (1977).[1]

The underlying action by Krupp is one of six actions involving more than thirty plaintiffs, all arising from a release in 1977 of nearly six hundred gallons of gasoline from a gasoline station ("Commonwealth Mt. Hood Gulf") in the Brighton section of Boston. The gasoline entered the sewer system, and an explosion and fire thereafter destroyed a nearby apartment house owned by Krupp. Krupp, his tenants, and other property owners brought actions for damages against Gulf Oil Corporation, the owner of the station, Storlazzi, the lessee and operator, and one Biggs, an employee of Storlazzi, whose negligence allegedly caused the release.[2] The six actions were consolidated for a bifurcated trial on the issue of liability. A jury found by special verdict that Gulf was not negligent but that Storlazzi, who was negligent, was acting as an agent for Gulf. On the basis of this verdict, the court on July 8, 1988, ordered judgments to be entered for the plaintiffs against Gulf on the issue of liability only. Six such "judgments" were then entered, one in each of the six pending actions. Gulf filed notices of appeal from the "judgments."

The cases were then referred to a master, who was to find the damages suffered by each of the plaintiffs. On the basis of his report, thirty-two additional "judgments" were entered on December 21, 1988, in the various actions, one for each plaintiff. Gulf filed notices of appeal from several of these judgments, selected apparently because Gulf disputed the findings as to damages. As to the others, including the judgment in favor of Krupp, Gulf did not dispute the damages findings and, by its then counsel (different from its present

---

[1]Rule 54(b) provides for an exception, in cases involving multiple claims or multiple parties, under which the judge may order entry of a separate judgment with respect to particular claims or parties, based upon "an express determination that there is no just reason for delay." No one proceeded under that exception here, and its use in the circumstances to be described in the opinion would have been questionable. See *J.B.L. Constr. Co.* v. *Lincoln Homes Corp.*, 9 Mass. App. Ct. 250, 252-253 (1980).

[2]Storlazzi and Biggs are not involved in the present appeals.

counsel), it sought advice from an unnamed person in the clerk's office whether it was necessary to file further appeals to preserve its right to contest the finding of liability. It was allegedly assured that the entry of the judgments on damages would have the effect of "activating" the earlier appeals from the judgments on liability (these had not been processed because they were interlocutory) and that further notices of appeal were unnecessary.

After the time for appeal had expired, the plaintiff Krupp applied for and obtained an execution. Gulf sought relief in the Superior Court; a judge of that court ruled on February 28, 1989, that the so-called "judgment" on liability was not an appealable order but that the "judgment" entered on December 21, 1988, was a final judgment for purposes of appeal. No appeal having been filed, the issuance of the execution was not improper.

Gulf — still represented by trial counsel — filed a petition to a single justice of this court for relief under G. L. c. 231, § 118. Specifically, it sought a determination that the appeal on the issue of liability was viable or, alternatively, an extension of time to file a new notice of appeal. In either event it sought an order recalling the execution. The single justice denied all relief, mentioning that Gulf had failed to show excusable neglect or that it had a meritorious ground for appeal. (He cited *Tisei v. Building Inspector of Marlborough*, 3 Mass. App. Ct. 377 [1975].) While that petition was pending, Gulf filed a separate motion for a preliminary injunction enjoining the plaintiff from causing levy to be made on the execution. This was denied by another single justice. Now Gulf filed a motion for reconsideration by the first single justice, supported this time by arguments directed towards making the showings required by *Tisei*, i.e., excusable neglect and meritorious appeal. Reconsideration was denied. Gulf filed appeals from the three orders of single justices denying relief. The case is before us only on those appeals.

It is apparent why the single justices denied relief. "A decision of the issue of liability which excludes damages is normally not a final decision which is ripe for appellate review."

*New Eng. Canteen Serv., Inc.* v. *Ashley*, 372 Mass. 671, 677 (1977). An interlocutory order, such as the order here determining liability on the tort counts, is not appealable as a "judgment" even though it may be so labeled. *School Comm. of Agawam* v. *Agawam Educ. Assn.*, 371 Mass. 845, 846-847 (1977). *Borman* v. *Borman*, 378 Mass. 775, 779 n.8 (1979). *Bragdon* v. *Bradford O. Emerson, Inc.*, 19 Mass. App. Ct. at 421-423. We know of no authority for treating as excusable neglect reliance on a clerk's incorrect advice concerning a general principle of law. See generally *Hackney* v. *Butler*, 339 Mass. 605, 607-608 (1959); *Hawkins* v. *Hawkins*, 397 Mass. 401, 404-409 (1986); *Brown* v. *Quinn*, 406 Mass. 641, 644-645 (1990); *Dorrance* v. *Zoning Bd. of Appeal of N. Attleborough*, 7 Mass. App. Ct. 932, 933 (1979). If such reliance permitted a finding of excusable neglect here, it did not require it.

In these circumstances the motion for leave to file a late notice of appeal lay in the discretion of the first single justice. *Giacobbe* v. *First Coolidge Corp.*, 367 Mass. 309, 315-316 (1975). *Tisei* v. *Building Inspector of Marlborough*, 3 Mass. App. Ct. at 378 and 379. The motion for preliminary injunctive relief against levying on the execution presupposed Gulf's being given authority to prosecute an appeal from the judgment. Accordingly, Gulf has failed to show error or abuse of discretion with respect to the three orders it has appealed from.

Not considered by the single justices (or, for that matter, by the Superior Court judge who acted on the motion to enjoin execution) was a contention made for the first time in this appeal: namely, that no final judgment has yet been entered in the Krupp case (or in the similarly postured consolidated cases) because the second so-called judgment, entered on the master's findings of damages, related only to the tort counts of the complaint. The record shows that the Krupp complaint was amended to add counts for violation of G. L. c. 93A, § 11, and for concealing from Krupp the existence of insurance owned by Gulf applicable to the negligent acts of its distributors. The parties agree that these allegations

were the subject of hearings before the trial judge separate from the counts tried to a jury. The "judgment" on liability on its face relates only to the jury counts. There is some indication (since the judge heard the added counts separately) that the matter referred to the master related only to calculating Krupp's damages under the tort counts. The docket entries do not reflect that the judge ever filed findings and rulings with respect to the added counts. The record before us is thus consistent with Gulf's contention that the added counts tried to the judge remain open.[3]

Gulf's contention, however, if valid, does not show error in the denial of the petition for leave to file a late notice of appeal. There is no need for such leave where the time for appeal has not yet expired. Doubtless the second single justice (or, before him, the Superior Court judge) might have enjoined proceedings under the execution if the contention had been made and substantiated that the case had not yet gone to judgment; but as the point was neither jurisdictional nor brought to his attention, there is no basis for reversal.[4]

Gulf's remedy at this stage, if it has one, lies in the first instance in the trial court. If, in fact, the added counts remain open, findings should be made thereon and a judgment entered disposing of all counts, from which the defendant may then pursue its appeal. If a determination should be made that the added counts were finally disposed of by the "judgment" entered December 21, 1988, that determination (as opposed to the December 21, 1988, order itself) would be

---

[3]The records before us and before the single justices are not dispositive of that question. We do not have the order of reference to the master or the master's report; thus we cannot be certain what was before the master. The judgment entered after adoption of the master's report does not in terms relate to the tort counts only. We thus cannot be certain on this record that the added counts remain open.

[4]A party is not entitled to appellate consideration of a nonjurisdictional point not raised in the court whose order is appealed from. *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977). *Newton* v. *Norfolk & Dedham Mut. Fire Ins. Co.*, 26 Mass. App. Ct. 202, 205, further appellate review granted, 403 Mass. 1102 (1988). Compare *Commonwealth* v. *Anolik*, 27 Mass. App. Ct. 701, 710 n.11 (1989).

subject to review on appeal on a proper record.[5] In these proceedings Gulf will be aided by the fact that it pressed its position promptly after learning that its appeal from the "judgment on jury verdict" was a nullity and by the evolving rule that a procedural tangle having its origin in a failure by the court to observe the mandates of rules[6] will generally be resolved in favor of preserving rights of appeal where this result is technically possible and does not work unfair prejudice to other parties. See *Gilmore* v. *Gilmore*, 369 Mass. 598, 602-603 (1976); *Lewis* v. *Emerson*, 391 Mass. 517, 519-520 (1984); *Reiter Oldsmobile, Inc.* v. *General Motors Corp.*, 6 Mass. App. Ct. 637, 640 n.7 (1978); *Bevel-Fold, Inc.* v. *Bose Corp.*, 9 Mass. App. Ct. 576, 579-580 (1980); *Abbott* v. *John Hancock Mut. Life Ins. Co.*, 18 Mass. App. Ct. 508, 510-516 (1984). Contrast *Brown* v. *Quinn*, 406 Mass. at 645-646, where a party was estopped ·from asserting that his own appeal was premature after his delays in perfecting the appeal caused it to be dismissed.[7]

The three single justice orders appealed from are affirmed.

*So ordered.*

---

[5]The ruling of February 28, 1989, by which a judge other than the trial judge dissolved the temporary order restraining execution did not involve Gulf's contention that the added counts remain open. The existence of a judgment or other appealable order and a valid appeal therefrom are requisite to the jurisdiction of an appellate court. *Finn* v. *McNeil*, 23 Mass. App. Ct. at 369, and cases cited.

[6]Here we refer to the promiscuous use of the title, "Judgment," one effect of which is to leave parties in confusion as to when an appeal is called for to save their rights to appellate review.

[7]In *Brown* v. *Quinn*, all matters had been disposed of by the judge. Nothing remained but for the clerk to enter a single paper entitled judgment in accordance with the mandate of rule 58(a), a purely ministerial act. See *Lewis* v. *Emerson*, 391 Mass. at 520. It is alleged here, in contrast, that a portion of the case remains undecided by the judge.