Dissent
Crimmins, J.
For the following reasons, I believe that the trial judge should have granted the appellant’s motion to dismiss. Therefore I respectfully dissent.
I. Involuntary Commitment Under G.L.c. 123, §§7-8
The District Court’s jurisdiction over a G.L.c. 123, §8B petition depends on whether or not the patient has been involuntarily committed under G.L.c. 123, §§7-8. Only after an order by the court for involuntary commitment, may the District Court entertain a petition under G.L.c. 123, §8B for the treatment of a patient with anti-psychotic medication against her will. Thus, the District Court’s jurisdiction over a G.L.c. 123, §8B petition necessarily depends on whether there was sufficient evidence to make the required findings needed to commit the patient in the first instance. For the reasons set forth below, I conclude that the record appendix does not contain sufficient evidence to involuntarily commit this patient, and therefore the motion to dismiss for lack of jurisdiction should have been granted.
G.L.c. 123, §7 (a) allows the superintendent of a facility to petition the District Court to order the commitment of any patient whom the superintendent determines “that the failure to hospitalize would create a likelihood of serious harm by reason of mental illness.” The court must find that the person is mentally ill and that the discharge or failure to retain such person in the hospital would create the likelihood of serious harm. G.L.c. 123, §8(a)-(b). With respect to burden of proof, the person cannot be involuntarily committed unless the Commonwealth proves beyond a reasonable doubt substantial risk of physical harm by reason of mental illness in the event of the failure to hospitalize. Superintendent of Worcester State Hospital v. Hagberg, 374 Mass. 271, 276 (1978); Commonwealth v. Nassar, 380 Mass. 908, 916 (1980). Proof beyond a reasonable doubt is the proper standard to apply in this proceeding. Id.
Here, the appellant was already hospitalized as a conditional voluntary patient at the time the superintendent brought the petition. The statute contemplates a category of people who are either not hospitalized or intend to leave the hospital. G.L.c. 123, §7(a). There is no evidence in the record appendix that would permit the inference that the appellant was about to be discharged or intended to leave the facility. The statute clearly requires a threat of harm from “the failure to hospitalize” the patient in question. G.L.c. 123, §7(a). As there was no notice that the appellant would leave the hospital, failure to hospitalize could not be proven as one of the necessary elements needed by the Commonwealth to meet its burden of proof.
The trial judge found the appellant to be mentally ill and that the failure to retain her in a facility would create a likelihood of serious harm. For reasons previously stated, this finding is not warranted from the record appendix and the petition was not properly before the court under G.L.c. 123, §7. The order of involuntary commitment should not have issued and the court lacked the jurisdictional predicate to hear the G.L.c. 123, §8B petition.
*143 II. Policy Considerations
It is unwise then, to interpret G.L.C. 123, §7 in a manner that would allow the superintendent to file a petition for the involuntary commitment of a patient who had been voluntarily admitted to a hospital, as in the instant case. The superintendent would have to argue that the voluntarily admitted patient, if they ever were released, might pose a threat of harm. This argument fails in the case of a patient who has never indicated a desire to be discharged. However, with the voluntarily admitted patient already in the hospital, what is the efficacy of a hearing to determine the harm posed if they were to leave the hospital? There is none.
The petition is a pretext to obtain District Court jurisdiction of a petitioner under G.L.c. 123, §8B, also referred to as a “Rogers petition.” Rogers v. Commissioner of Department of Mental Health, 390 Mass. 489 (1983). The appellee in the instant action filed the petition for the appellant’s involuntary commitment because the petition for involuntary commitment was a prerequisite to obtaining District Court jurisdiction over the G.L.c. 123, §8B petition, and not because there was any threat of the appellant leaving the hospital. The appellee could have obtained the relief sought in an order under G.L.c. 123, §8 in the Probate and Family Court without the stigma to the appellant of being involuntarily committed. Both parties acknowledge that “conditional voluntary admission may foster a more beneficial therapeutic alliance.” Amicus for Appellee, p. 20. This preference for voluntary admission into the hospital is codified in G.L.c. 123, §12 (c) and in the Department of Mental Health Regulations in 104 CMR 27.07 (1).
The reasons the appellee gives for not proceeding in the Probate and Family Court are not compelling. The Probate and Family Court can issue an order for the forced administration of medication without a full guardianship. G.L.c. 201, §6(c). Guardianship orders can limit the scope of the guardian’s authority to the implementation of the court ordered treatment plan, similar to the District Court process. Thus, guardianship is not a “blunt instrument” as the appellee argues, but a flexible option. It allows the superintendent to achieve the same result as the District Court process, without the stigma of involuntary commitment.
It stands to reason that the least restrictive alternative is a Probate Court guardianship, rather than the District Court process. “’ [I]f the doctrines of informed consent and right of privacy [that underlie the substituted judgment determination] have as their foundations the right to bodily integrity and control of one’s own fate, then those rights are superior to the institutional considerations.’” (citations omitted) Rogers v. Commissioner of Department of Mental Health, 390 Mass. 489, 503 (1983) quoting Superintendent of Belchertown State School v. Saikewicz, 373 Mass. 728, 744 (1977).
For the above mentioned reasons, I respectfully dissent.