NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

18-P-224                                             Appeals Court

   BARRY BLOOMSTEIN  vs.  DEPARTMENT OF PUBLIC SAFETY[1] & others.[2]


No. 18-P-224.

Suffolk.     March 12, 2019. - October 16, 2019.

Present:  Rubin, Kinder, & Singh, JJ.


License.  State Building Code.  Administrative Law, Decision, Findings, Proceedings before agency.  Moot Question.



     Civil action commenced in the Superior Court Department on August 19, 2016.

     Motions for judgment on the pleadings were heard by Rosemary Connolly, J.

--------

     [1] The Department of Public Safety no longer houses the board of building regulations and standards (board).  As of 2017, the board is within the division of professional licensure. St. 2017, c. 6, §§ 120-123.

     [2] Patricia Downey; Board of building regulations and standards (board); Christopher Popov, individually and in his capacity as hearing officer and designee of the board; Matt Carlin, individually and in his capacity as commissioner of the board; Richard Crowley, individually and in his capacity as chair of the board; Jennifer Hoyt, individually and in her capacity as designee of Peter Ostroskey, a member of the board; and Felix Zemel, John Couture, Kevin Gallagher, Cheryl Lavalley, Kerry Dietz, and Michael McDowell, individually and in their capacity as members of the board.

James M. McLaughlin for the plaintiff.
Elizabeth Kaplan, Assistant Attorney General, for
Department of Public Safety & others.

RUBIN, J.   After a hearing, a hearing officer of the board of building regulations and standards (board) suspended Barry Bloomstein's construction supervisor license (license) for various violations of the State building code in connection with his supervision of the construction of a house.  These violations included constructing the house differently from the plans that had been approved as part of the building permit application, and various construction errors that resulted in the work not being performed in a workmanlike and acceptable manner, such as inconsistent heights of stair risers in an interior staircase.  The hearing officer suspended Bloomstein's license for three months and ordered that he retake the licensing examination before his license would be reinstated. Bloomstein appealed the hearing officer's decision to the board, which, after a nonevidentiary hearing, adopted the hearing officer's findings and conclusions in full, except that it increased the suspension to twelve months.  Bloomstein appealed this decision to the Superior Court pursuant to G. L. c. 30A, § 14, and a judge affirmed.  For the reasons that follow, we vacate the judgment and remand for further proceedings consistent with this opinion.

Bloomstein's primary argument is that, by increasing his suspension, the board violated two statutory provisions that govern agencies' adjudicatory procedures:  G. L. c. 30A, § 11 (7) (subsection 7), and G. L. c. 30A, § 11 (8) (subsection 8). Subsection 7 provides in relevant part:

> "If a majority of the officials of the agency who are to render the final decision have neither heard nor read the evidence, such decision, if adverse to any party other than the agency, shall be made only after (a) a tentative or proposed decision is delivered or mailed to the parties containing a statement of reasons and including determination of each issue of fact or law necessary to the tentative or proposed decision; and (b) an opportunity is afforded each party adversely affected to file objections and to present argument, either orally or in writing as the agency may order, to a majority of the officials who are to render the final decision."

According to Bloomstein, the board violated subsection 7 because a majority of board members did not hear or read the evidence, and he was provided neither a tentative or proposed decision nor, by implication, an opportunity to present objections to one.  The record discloses, and the board concedes, that the statutory prerequisites for the application of subsection 7 were met:  a majority of the board did not hear or read the evidence.  In a filing in the trial court, the board stated, "[The board] does not dispute that a majority of its members did not examine the full evidentiary record before reviewing . . . Bloomstein's case," and stated in its appellate brief, "Nor is there any dispute that a majority of [b]oard

members did not examine the full evidentiary record before discussing Bloomstein's request for review."  This concession is supported by the transcript of the nonevidentiary hearing, at which one member stated that she "[j]ust couldn't even imagine reading through all these exhibits."  It is also clear from the record that the board neither informed Bloomstein that a majority of its members had not heard or read the evidence, nor gave him a copy of what on its face was its "tentative or proposed decision."  G. L. c. 30A, § 11 (7).

The board first argues that, because Bloomstein has served his suspension, the issue is moot.  "Ordinarily, litigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome."  Blake v. Massachusetts Parole Bd., 369 Mass. 701, 703 (1976).  However, courts will address an issue that might otherwise be dismissed for mootness if "[t]he issue is one of public importance, capable of repetition, yet evading review."  Superintendent of Worcester State Hosp. v. Hagberg, 374 Mass. 271, 274 (1978).  That standard is satisfied here, where the temporary suspension of a license is likely to expire before the "lengthy appellate process" can be completed.  Seney v. Morhy, 467 Mass. 58, 61 (2014).  And, contrary to the board's contention at oral argument, an agency's compliance with statutes governing its procedures for adjudications that can result in the destruction

of a person's livelihood is of sufficient public importance to justify judicial review.[3]

On the merits, the board argues that the hearing officer's decision, a copy of which Bloomstein received, constituted the board's tentative or proposed decision, and that Bloomstein's petition for appeal of the hearing officer's decision to the board under 780 Code Mass. Regs. § 110.R5.2.10 (2010) constituted his opportunity to object to it.  We disagree.  Subsection 7 gives a party the statutory right to object to a tentative or proposed decision in only one circumstance:  when a majority of the board has not heard or read the evidence.  Because a party does not always have a statutory right to file objections, the statute requires the party to have some opportunity to know whether he or she has such a right.  But the issuance by the hearing officer of his or her decision and the opportunity to appeal it cannot, by themselves, confer this knowledge, for the board at the time the party files his or her appeal has not yet had the opportunity to hear or read the evidence.  Therefore, the hearing officer's decision, without more, cannot constitute the board's tentative or proposed decision for purposes of subsection 7.  It follows that the

---

[3] The board concedes that, because Bloomstein's license has not been reinstated, the part of its decision requiring him to retake the licensing examination is not moot.

party's petition for appeal does not, in and of itself, constitute the party's opportunity to object or to present arguments to the board's tentative or proposed decision.[4]  The board's procedures therefore violated subsection 7.

The board argues in the alternative that, even if its procedures violated subsection 7, Bloomstein was not prejudiced because he made arguments for reversal in his petition for appeal, and does not identify any arguments that he would have made had he been given a tentative or proposed decision and an opportunity to respond.  See Police Dep't of Boston v. Kavaleski, 463 Mass. 680, 691 (2012) ("Pursuant to G. L. c. 30A, § 14 [7], we also determine whether, as a result of that error, 'the substantial rights of any party may have been prejudiced'").  We disagree that Bloomstein has not demonstrated prejudice.  Bloomstein's petition for appeal was cursory, challenging only two of the hearing officer's sixty-eight findings of fact and offering only conclusory legal statements, including that two expert reports relied on by the hearing officer "should not have been admitted."  The petition for

_____

[4] The board's citation to Clark v. Board of Registration of Social Workers, 464 Mass. 1008, 1010-1011 (2013), does not support its position.  As relevant here, that case held only that a party has no statutory or due process right to a hearing before the board on sanctions after the hearing officer did not recommend any.  The case did not hold that the hearing officer's decision, without more, constitutes the tentative or proposed decision of the board.  See id.

appeal does not amount to full briefing. Indeed, in his brief here, Bloomstein challenges other findings of fact, such as the hearing officer's finding regarding stair riser inconsistency, and makes arguments for why the hearing officer should not have relied on the expert reports. Bloomstein also argues to us that "[s]ome of the alleged errors [in construction] were determined to be the result of settling or wear and tear, not construction error." Under subsection 7, Bloomstein should have been provided an opportunity to make such arguments to the board by being given the board's tentative or proposed decision and an opportunity to respond; he was prejudiced by the board's failure to give him that opportunity.

Bloomstein also argues that the board's decision violated subsection 8. Subsection 8 provides in relevant part:

> "Every agency decision shall be in writing or stated in the record. The decision shall be accompanied by a statement of reasons for the decision, including determination of each issue of fact or law necessary to the decision, unless the General Laws provide that the agency need not prepare such statement in the absence of a timely request to do so."

Bloomstein argues that the board's decision did not include the requisite statement of reasons for its decision to increase his suspension. The board's decision, apart from boilerplate language regarding the case's procedural history and an aggrieved party's right to appeal, states in full:

"The [b]oard reviewed the [d]ecision and Bloomstein's 'Petition for Full Board Review' and a 'Petition for Appeal.' At the [b]oard's meeting on July 19, 2016, the [b]oard voted unanimously to direct the [h]earings [o]fficer to increase the suspension of Bloomstein's [license] to a one-year period. In all other respects, the [d]ecision stands. Accordingly, the suspension period that commenced on May 10, 2016 has been increased to run through May 10, 2017."[5]

While an agency's adoption of a hearing officer's decision satisfies the "statement of reasons" requirement of subsection 8, Arthurs v. Board of Registration in Med., 383 Mass. 299, 315-316 (1981), the board here did something that was not based on reasons given by the hearing officer: it increased Bloomstein's suspension from three to twelve months. It gave no reason for this decision. Therefore, the part of the board's decision that increased the length of Bloomstein's suspension violated subsection 8.

The board argues that statements by individual board members at the nonevidentiary hearing of reasons why the hearing officer's penalty was too lenient are enough to satisfy subsection 8. Specifically, one board member referred to the "egregious nature of . . . what happened" and concluded, "I kind of think that a 90-day suspension was not enough." A second board member agreed and stated that she was "horrified as a

---

[5] The petition for board review was a letter by Bloomstein to the board that merely clarified that he was appealing to the board, not to the Superior Court. It made no factual or legal arguments.

taxpayer to see that this went into four years . . . over a matter that should have happened in arbitration or mediation." She also questioned "[t]he building inspector's role in this." A third board member also agreed that what happened was egregious. And a fourth board member stated that he "would actually want a greater penalty" because "I've dealt with this kind of baloney before and . . . it victimizes the public. It's terrible. . . . What goes on. And people come in and they slap their [license] on the site and then they're never there again."

We disagree that these statements suffice to satisfy subsection 8. Even assuming without deciding that these reasons might have sufficed to support a longer suspension, the board's decision does not say that it was adopting those members' statements as the reason for its decision, and isolated statements by individual members of the board are not statements of the board itself.[6]

The judgment is vacated and the case is remanded to the Superior Court for entry of an order requiring the board to hear Bloomstein's appeal in compliance with the procedures spelled out in G. L. c. 30A, § 11 (7) & (8).[7]

---

[6] The board argues that the subsection 8 argument is moot for the reasons it argues that the subsection 7 argument is moot. We reject this argument for the reasons given above.

[7] In light of our disposition, we need not address Bloomstein's arguments that the board's and the hearing

*So ordered*.

---

officer's decisions were arbitrary or capricious, an abuse of discretion, or not supported by substantial evidence.