FRANK J. CAMOSCIO *vs.* BOARD OF REGISTRATION IN PODIATRY. April 9, 1985. *Administrative Law,* Adjudicatory proceeding.

The plaintiff (hereafter, appellant) seeks judicial review of a decision of the Board of Registration in Podiatry (board), adopting the recommended decision of a hearing officer that the appellant had engaged in malpractice, concluding that as a matter of law the appellant was guilty of "deceit, malpractice and gross misconduct in the practice of his profession," and revoking his license to practice podiatry. A single justice of this court transferred the action to this court without decision.

1. The appellant asserts that because there was no probable cause to investigate his actions, the proceeding was defective. The record shows an adequate basis for the board to investigate the matter and to issue a notice to show cause to the appellant. We do not imply that probable cause is required to issue a notice to show cause in a proceeding such as this. See G. L. c. 112, § 17A, and 801 Code Mass. Regs. § 1.01 (6) (d) (1979). Even if such a showing were required, where there is substantial evidence presented at the hearing to warrant a finding of gross misconduct and the imposition of discipline, any absence of probable cause would be irrelevant, assuming (as was the case here) that the appellant received proper notice and had a proper hearing. See G. L. c. 30A, §§ 9-14, and G. L. c. 112, §§ 18, 61 & 62.

2. Any basis for objecting to an order issued by a judge of the Superior Court directing the appellant to produce patient records was waived when the appellant produced those records. Moreover, there is nothing incriminating in those records.

3. The appellant persists in his argument that he was entitled to the testimony of his "accusers," the members of the Board of Registration in Podiatry. He presented no evidence that the hearing officer or any witness was, or was likely to have been, unfairly influenced against him by any board member. He had no right to the sworn testimony of the members of the board. See *New England Medical Center, Inc.* v. *Rate Setting Comm'n,* 384 Mass. 46, 56 (1981).

4. Other arguments are without merit. (a) There is nothing in the record to indicate that the appellant was prejudiced by the delay in holding his hearing and in rendering a decision. A substantial portion of the delay was attributable to the appellant's own actions. (b) On a review of the transcript of the proceeding, consisting of 801 pages, we see no denial of procedural due process to the appellant. The hearing officer handled fairly the not inconsiderable problems presented by the appellant's representation of himself. (c) The appellant should

have sought judicial enforcement of any subpoena that the hearing officer declined to enforce. See G. L. c. 30A, § 12 (5); *School Comm. of Brockton* v. *Massachusetts Comm'n Against Discrimination*, 377 Mass. 392, 403 (1979). (d) The appellant was given a full opportunity to present his case. He did not testify by his own choice. He does not argue here that the evidence did not warrant the hearing officer's findings, adopted by the board. The assertion that certain witnesses lied presents no question for appellate consideration. The credibility of witnesses was for the agency. See *Arthurs* v. *Board of Registration in Medicine*, 383 Mass. 299, 304-305 & 308 n.21 (1981). (e) The appellant has not demonstrated that he was prejudiced because the hearing officer did not fix the time for filing briefs after the hearing. There is no doubt that the appellant's position was fully presented by his various submissions and arguments in the course of the proceeding. (f) The discipline imposed, particularly considering the appellant's previous record of discipline by the board (see *Camoscio* v. *Board of Registration in Podiatry*, 385 Mass. 1002 [1982]), was within the board's discretion under G. L. c. 112, § 61. *Levy* v. *Board of Registration & Discipline in Medicine*, 378 Mass. 519, 528-529 (1979).

The action is remanded to the single justice with directions to enter a judgment affirming the decision of the Board of Registration in Podiatry.

*So ordered.*

*Frank J. Camoscio*, pro se.
*Suzanne E. Durrell*, Assistant Attorney General, for the defendant.