FRANK J. CAMOSCIO *vs.* EDWARD SMITH. No. 87-869. June 30, 1988.
*Libel and Slander. Privileged Communication. Malice. Practice, Civil,* Summary judgment, Appeal.

Frank J. Camoscio was a podiatrist whose license to practice podiatry, after two suspensions, see *Camoscio* v. *Board of Registration in Podiatry,* 385 Mass. 1002, cert. denied, 457 U.S. 1139 (1982), was revoked in 1984 by the Board of Registration in Podiatry (board). See *Camoscio* v. *Board*

---

*of Registration in Podiatry*, 394 Mass. 1006 (1985). Edward J. Smith is a field investigator employed by the Division of Registration (of which the board is a part) who assisted the board in the several disciplinary proceedings leading to those sanctions. Camoscio brought this action, claiming that Smith defamed him in a May 12, 1986, letter sent by Smith to an assistant district attorney for the Suffolk District. Smith filed a motion for summary judgment, which was denied. A single justice of this court, acting pursuant to G. L. c. 231, § 118, first par., granted Smith leave to appeal. See *Swift* v. *American Mut. Ins. Co.*, 399 Mass. 373, 375 n.5 (1987).

1. Smith's motion for summary judgment should have been allowed. According to G. L. c. 112, § 17B, inserted by St. 1983, c. 251, "[n]o person . . . assisting the board at its request in discharging its duties and functions shall be liable in any cause of action arising out of the receiving of such . . . assistance" so long as that person "does so in good faith and without malice." No contention is made that an investigator for the board does not fall within the protection of § 17B, and there can be no doubt that Smith was assisting the board within the terms of § 17B. Continuing to practice podiatry after a license to do so has been revoked is a violation of G. L. c. 112, § 65, punishable by up to a $1,000 fine and six months in prison. The board is charged by § 17A, as amended by St. 1970, c. 443, § 27, with the responsibility to investigate complaints of violations of § 65 relative to podiatry and to "report [such complaints] to the proper prosecuting officers." Smith's letter of May 12 to an assistant district attorney, which stated that a complaint had been made to the division that Camoscio had been practicing podiatry in spite of the revocation of his license (in violation of § 65) and which was accompanied by a copy of the complaint, was in fulfilment of the board's statutory obligation. See *Dexter's Hearthside Restaurant, Inc.* v. *Whitehall Co.*, 24 Mass. App. Ct. 217, 222-223 (1987). Thus, Smith enjoys an immunity from liability in this case, subject only to the qualification that he acted in good faith and without malice.

Camoscio, having the burden of overcoming that immunity, *Ezekiel* v. *Jones Motor Co.*, 374 Mass. 382, 390 (1978), and faced with a well-pleaded motion for summary judgment, may not simply rely on unsubstantiated allegations of malice. See *Humphrey* v. *National Semiconductor Corp.*, 18 Mass. App. Ct. 132, 135-136 (1984). In order to defeat the immunity, he must demonstrate that he can produce the requisite quantum of evidence to get to the jury with his claim. *Ibid.*, citing *National Assn. of Govt. Employees, Inc.* v. *Central Bdcst. Corp.*, 379 Mass. 220, 231 (1979). In opposition to the motion he submitted an argumentative affidavit which is completely inadequate in this respect. Camoscio's primary allegation is that the complaint (described by Smith in his letter) did not exist on May 12 and thus, presumably, the whole affair was fabricated. However, the circumstances he offers as a basis for this allegation, i.e., that (1) the complaint was not "logged" in the division until May 14, (2) the board did not provide Camoscio with a signed copy of the complaint until June 2, and (3) the Smith letter was

"deliberately altered," do not support such an inference. There is nothing suggestive or suspicious in the brief delay in the "logging" procedure or in the two to three week period before a signed copy was given to Camoscio. As this complaint was brought against Camoscio, nothing sinister is to be inferred from the fact that a copy of it was not present in a file concerning Camoscio's associate. After scrupulous comparison of the two versions of the Smith letter in the record, the only alteration that we discern between the unsigned file copy offered by Camoscio and the signed copy delivered to the district attorney's office offered by Smith is the correction of a typographical error which, while obviously intentional, hardly substantiates Camoscio's claim of fabrication.

Camoscio makes no direct claim that the complaint, handwritten, signed, and dated by the complaining witness on May 9, notarized by investigator Smith, and witnessed by a third person, is false in its content or that the witness or the complainant have disavowed their signatures. The other points raised in his affidavit offer no more substance. His claim that the board's attorney, rather than investigator Smith, should have been the person to forward the criminal complaint (this is based on Smith's description of the board's "typical" practice) is frivolous. His allegation that Smith's affidavit contains two perjurious statements lacks support in the record. Allegations of Smith's bad faith in his capacity as hearing officer during earlier disciplinary proceedings against Camoscio were rejected in the appeal from the sanctions imposed, see *Camoscio* v. *Board of Registration in Podiatry*, 394 Mass. at 1006-1007, and our review of the material offered by Camoscio reveals nothing warranting reconsideration.

2. Camoscio also argues that Smith's appeal should be dismissed because the appellant's brief was apparently filed one day in excess of the limit imposed by Mass.R.A.P. 19(a), 365 Mass. 867 (1974). Rule 19(c) permits the appellee to move for dismissal of the appeal, but no such motion has been filed. Camoscio has made no showing that he was prejudiced by the one-day delay. See *Gilmore* v. *Gilmore*, 369 Mass. 598, 602-603 (1976).

> *Order denying motion for summary*
> *judgment reversed.*
> *Judgment for the defendant.*

The case was submitted on briefs.

*Frank J. Camoscio*, pro se.

*James M. Shannon*, Attorney General, & *Suzanne E. Durrell*, Assistant Attorney General, for defendant.