PIERCE, Justice,
Concurring in Part and in Result:
¶ 70. I write separately today to express my disagreement with the majority’s finding that the chancellor erred in allowing the guardian ad litem to offer hearsay testimony because such testimony is barred by the Rules of Evidence. (See Maj. Op. ¶ 58). Guardians ad litem are sometimes appointed in child-custody cases pursuant to Mississippi Code Sections 43-21-121 and 93-11-65. Section 43-21-121 states, “[t]he guardian ad litem shall investigate, make recommendations to the court or enter reports as necessary to hold paramount the child’s best interest.” Miss. Code Ann. § 43-21-121(3) (Rev.2009). Further, guardians ad litem required to be appointed under Section 93-11-65 are appointed pursuant to the procedure set forth in Section 43-21-121. Miss Code Ann. 93-11-65(4) (Rev.2004).[15]
¶ 71. Guardians ad litem are not appointed pursuant to these two statutes only when there are allegations of child abuse, but appointments also are made in numerous other circumstances — such as contested child-custody actions. We recently have emphasized that “[t]he role to be played by a guardian ad litem is complex and not subject to a simple, universal definition.” S.G. v. D.C., 13 So.3d 269, 280 (Miss.2009). We further said, “Some circumstances require that a guardian ad litem serve as an arm of the court, appointed to investigate and present to the court all necessary and material information which might affect the court’s decision.” Id. (citing S.N.C. v. J.R.D., 755 So.2d 1077, 1082 (Miss.2000)) (emphasis added). The reports of the guardian ad litem should be filed in advance of trial in order to allow the parties to review them, subpoena witnesses, and be prepared to present their cases at trial. In order to present “all necessary and material information” which may be relevant to the trial court’s decision, it may at times be necessary for the guardians ad litem to present hearsay evidence.
¶ 72. The- Massachusetts courts have held as such. Their rule has been succinctly summed up by the Appeals Court of Massachusetts, which said:
In reporting on specified topics, the guardian ad litem acts as an arm of the *889 court and is an integral part of the judicial process. Guardian ad litem reports may properly contain hearsay information. All that is required is that the guardian ad litem be available to testify at trial and that the source of the material be sufficiently identified so that the affected party has an opportunity to rebut any adverse or erroneous material contained therein. The guardian ad li-tem is free to make recommendations, provided the judge draws his own conclusions and understands that the responsibility of deciding the case is his and not that of the guardian.
Pizzino v. Miller, 67 Mass.App.Ct. 865, 875-876, 858 N.E.2d 1112 (Mass.App.Ct.2006) (internal citations omitted) (emphasis added).[16]
¶ 73. I agree with the reasoning and procedure as outlined by the Appeals Court of Massachusetts. No Mississippi case setting out a similar procedure exists. However, the majority, if not all, of the chancellors in Mississippi follow this procedure — and are correct in doing so. Therefore, I can only concur -with the majority in part and in result.
¶ 74. Furthermore, with all due respect to my learned and more experienced colleague, I must point out some practical and very serious concerns with the analysis contained in the specially concurring opinion. Often, chancellors are forced to remove children from dangerous or unhealthy environments and must enlist the assistance of a guardian ad litem in doing so. In such cases, guardians ad litem are required to act swiftly to protect the best interests of children — and to fulfill that obligation, they must sometimes provide emergency testimony which contains hearsay.
¶ 75. Guardians ad litem are appointed to serve the best interests of children. Using the analysis found in the specially concurring opinion, critical testimony would be inadmissible, and children might be left in dangerous situations — all for the sake of strict adherence to our Rules of Evidence. Lest this Court forget, our chancellors understand the difference between hearsay and nonhearsay testimony and are capable of assigning the appropriate weight to the testimony provided by the guardian ad litem accordingly.
¶ 76. It is my opinion that a guardian ad litem — when appointed as an attorney as in the present matter — is an arm of the court. In order for the guardians ad litem to assist the court in determining the best interests of children, they must fulfill their duty to interview all concerned and must also be able to testify as to the full extent of their findings. To hold otherwise would impede the chancellor’s ability to determine what is in the best interests of children. “Let us remember, it is the responsibility of this Court, like the chancellor, to make the best interest of the child our ‘polestar’ consideration.” Robison v. Lanford, 841 So.2d 1119, 1122 (Miss.2008) (citing Hensarling v. Hensarling, 824 So.2d 583, 587 (Miss.2002)).
¶ 77. The majority’s view, and that of the specially concurring opinion, while noble, in many cases will have the opposite effect of the stated purpose. However sincere in their belief that applying a strict application of the Mississippi Rules of Evidence protects children, my experience as a chancellor dealing with some of the most delicate child custody matters compels me to take the opposite view. There can be no cookie-cutter approach to protecting *890 children. As a member of the Supreme Court Rules Committee on Civil Practice and Procedure, I recommend we adopt a rule specifically for guardians ad litem with guidance from chancellors, practitioners, guardians ad litem and other interested parties. The best interests of children demand it.
WALLER, C.J., JOINS THIS OPINION. GRAVES, P.J., JOINS THIS OPINION IN PART.

. This Court has pointed out that "[t]raditionally rules of evidence have been relaxed in youth court proceedings.” Miss.Code Ann § 43-21-121 (Rev.2004). In Interest of T.L.C., 566 So.2d 691, 700 (Miss.1990). Section 43-21-121 sets out the procedure for appointing a guardian ad litem in youth court proceedings. Section 93-11-65 directs the appointment of a guardian ad litem in matters where charges of abuse or neglect have been made and requires "proceedings in chancery court on the abuse or neglect charge shall be confidential in the same manner as provided in youth court proceedings.” Miss.Code Ann. § 93-11-65(4) (Rev.2004). Therefore, when guardians ad litem are appointed pursuant to either of these two statutes, the rules of evidence may be relaxed.

. See also Adoption of Georgia, 433 Mass. 62, 739 N.E.2d 694, 699-700 (Mass.2000); Gilmore v. Gilmore, 369 Mass. 598, 604-605, 341 N.E.2d 655 (1976); Jones v. Jones, 349 Mass. 259, 264, 207 N.E.2d 922 (1965).