NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12652

CARE AND PROTECTION OF M.C.


Franklin-Hampshire.      March 4, 2019. - October 28, 2019.

Present:  Gants, C.J., Lenk, Gaziano, Lowy, Budd, Cypher,
& Kafker, JJ.


Impoundment.  Minor, Care and protection.  Parent and Child,
    Care and protection of minor.  Constitutional Law,
    Impoundment order, Waiver of constitutional rights, Self-
    incrimination.  Witness, Self-incrimination.  Evidence,
    Communication between patient and psychotherapist,
    Testimony at prior proceeding.  Practice, Civil, Care and
    protection proceeding, Impoundment order, Waiver.
    Practice, Criminal, Impoundment order, Waiver.  Waiver.



    Petition filed in the Franklin and Hampshire Counties
Division of the Juvenile Court Department on May 5, 2015.

    Following review by this court, 479 Mass. 246 (2018),
motions for relief from impoundment were heard by James G.
Collins, J.

    The Supreme Judicial Court granted an application for
direct appellate review.


    Jeanne M. Kaiser for the mother.
    Mark H. Bluver (John R. Godleski also present) for the
father.
    Bethany C. Lynch, Assistant District Attorney, for the
Commonwealth.

David J. Cohen, Committee for Public Counsel Services, for the child.

GAZIANO, J.  In this case, we consider the application of the standard set forth in Care & Protection of M.C., 479 Mass. 246, 248-249 (2018) (M.C. I), governing requests for limited relief from impoundment of records in a care and protection proceeding in the Juvenile Court by a party in a related criminal proceeding.  In M.C. I, supra, we concluded that "the requestor bears the burden of demonstrating that the records should be released under the good cause standard of Rule 7 of the Uniform Rules on Impoundment Procedure."

When the matter previously was before this court, we vacated a Juvenile Court judge's decision allowing the father's and the Commonwealth's motions for release from impoundment, and remanded the case to the Juvenile Court, so that the motion judge could consider any renewed motions for release from impoundment in light of our then newly announced standard.  See M.C. I, 479 Mass. at 263-264.

On remand, the Commonwealth and the father filed renewed motions for relief from impoundment.  The child changed position and filed a motion in support of their requests.  The same judge conducted a hearing on the renewed motions, and then allowed both motions in part.  The mother commenced an appeal challenging the judge's decision in its entirety, and the father

sought relief from so much of his request as had been denied. We allowed the mother's petition for direct appellate review; the petition includes both the mother's and the father's appeal.

We conclude that the judge properly applied the "good cause" standard required by M.C. I and Rule 7 of the Uniform Rules of Impoundment Procedure, Mass. Ann. Laws Court Rules, Uniform Rules on Impoundment Procedure, at 968 (LexisNexis 2018) (Rule 7), with respect to the father's motion, and much of the Commonwealth's motion, but that the Commonwealth's request for transcripts of the mother's and her psychotherapist's testimony should have been allowed contingent on the occurrence of specific events at the mother's trial.

1. Background. In August 2015, the father was indicted on charges of attempted murder, G. L. c. 265, § 16; aggravated assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A (c) (iv); and assault and battery on a child causing substantial bodily harm, G. L. c. 265 § 13J (b), for an incident involving his daughter that occurred one day in April 2015. See M.C. I, 479 Mass. at 250 & n.1. In November 2015, he was indicted on three additional counts of assault and battery on a child permitting substantial bodily harm, G. L. c. 265 § 13J (b), for conduct from July 2013 through April 2015. At the same time, the mother was indicted on two counts of assault and battery on a child permitting substantial bodily harm and

two counts of assault and battery on a child causing substantial bodily harm, G. L. c. 265, § 13J (b), for related conduct on the same day in April 2015, as well as for conduct from July 2013 through April 2015.

The Department of Children and Families (department) filed a care and protection petition in the Juvenile Court on behalf of the child. See M.C. I, 479 Mass. at 250. A Juvenile Court judge conducted a trial on the department's petition for termination of parental rights, at which the mother and her psychotherapist testified. On the advice of his criminal attorney, the father took the stand but invoked his rights under the Fifth Amendment to the United States Constitution in response to virtually all of the Commonwealth's questions. Both parents were found unfit, and their parental rights were terminated. See Adoption of Henrietta, 92 Mass. App. Ct. 1130 (2018). Pursuant to G. L. c. 119, § 38, and standing orders of the Juvenile Court, the records of the trial on the termination of parental rights are impounded, as are all the other documents in the case. See Juvenile Court Standing Order 1-84, Mass. Ann. Laws Court Rules, Standing Orders of the Juvenile Court, at 1158 (LexisNexis 2018).

a. Motions for relief from impoundment. In June and July 2016, the father and the Commonwealth, respectively, first sought relief from impoundment in order to prepare for the

pending criminal trials.  The child and the mother each opposed the release from impoundment, on different grounds.[1]  In April 2018, after this court's remand in M.C. I, 479 Mass. at 263-264, the same Juvenile Court judge allowed the parties to withdraw their motions and to file renewed motions in light of that decision.

The Commonwealth's renewed motion requested access to the transcripts of testimony and admitted evidence from the care and protection proceeding that concern or relate to

> "any medical treatment sought for or provided to M.C.; written or verbal reports by either parent to medical providers, school personnel, or anyone else, of medical symptoms and/or descriptions of any physical ailments or impairments allegedly suffered by M.C.; any medical or other therapeutic measures administered to or performed on M.C. by the parents; [and] the conduct, actions, and movements of the parents during the time period from April 15 through April 18, 2015,"

including applicable testimony of the mother and her psychotherapist.  As grounds for its request, the Commonwealth asserted that the alleged conduct underlying the indictments is

---

[1] In their oppositions, both the mother and the child cited privacy concerns.  The mother also cited, inter alia, circumvention of Rule 11 of the Uniform Rules on Impoundment Procedure, Mass. Ann. Laws Court Rules, Standing Orders of the Juvenile Court, at 974-975 (LexisNexis 2018); failure to follow the procedures for discovery under Mass. R. Crim. P. 17, 378 Mass. 885 (1979); lack of relevance because the testimony would not be admissible at a future trial; violations of the patient-psychotherapist privilege; the rights of parents to raise their own children and the chilling of their efforts to protect those rights; and the mother's privilege against self-incrimination at a criminal trial.  M.C. I, 479 Mass. at 251.

largely the same as the conduct at issue in the care and protection proceeding, and that the parties' privacy interests, which they relinquished to a certain extent at the trial on the termination of parental rights, should yield to public interest in the just resolution of the criminal prosecutions of the parents.  The Commonwealth argued that "[t]he reason for the Commonwealth's request is two-fold.  First, any information and evidence regarding the conduct of the parents that is related to the harm suffered by M.C. is relevant and likely admissible at the criminal trials.  Second, the sought-after information or evidence also may provide further investigatory links to other heretofore unknown relevant evidence."

The father requested relief from impoundment with respect to the same documents that he had sought in his first motion:

> "1) [a] complete unredacted copy of the trial transcript . . . ; 2) [a]ll exhibits received by the Court in the referenced trial; 3) [t]he Court investigator's [report(s)]; 4) [t]he [guardian ad litem (GAL)] report(s); 5) [a]ll pleadings filed in the referenced case; and 6) [a] copy of the Court's Order in the Care and Protection case as well as its Findings of Fact and Conclusions of Law."

The father argued that the allegations in both the care and protection proceeding and the criminal cases are closely related; many of the same witnesses will be appearing in the criminal cases; the mother's expectation of privacy is relinquished for the purposes of discoverability as to the father because he was a party in the care and protection

proceeding; and his constitutional rights to a fair trial and to confrontation require relief from impoundment. The father, who intends to assert a defense that the mother committed the acts at issue, also argued that the community has a right to see that justice is done, and that the record of the proceedings may be exculpatory as to him.

The mother opposed the Commonwealth's motion on the grounds that the Commonwealth did not carry its burden under Rule 7; her testimony and evidence of her mental state is not relevant at her criminal trial unless she decides to testify or pursues a mental health defense; and the Commonwealth did not act in good faith. The mother opposed all requests for release by the father, with the exception of the transcript of the testimony of Dr. Rebecca Moles, who is expected to testify as the Commonwealth's expert in both criminal trials. The mother maintained that the father did not meet his burden of establishing good cause under Rule 7 because he did not explain which portions of the requested evidence would be exculpatory.

In June 2018, the child filed a motion in support of both the father's and the Commonwealth's request for release from impoundment.[2]

---

[2] Citing this court's opinion in M.C. I, 479 Mass. at 261, the child noted that she believed the father was "mistaken" that his receipt of the transcripts of the mother's testimony would

b.  Proceedings on remand.  Applying the new standard, after a hearing, on August 22, 2018, the same judge found that the Commonwealth and the father had established good cause for relief from impoundment of (a) the entirety of the care and protection trial transcript; (b) access to the child's medical records (for review but not copying); and (c) medical records that were entered in evidence at the care and protection proceeding, for review only, upon a showing of their unavailability through discovery in the Superior Court.

As stated, the transcripts include testimony of the mother and her psychotherapist.  While the judge allowed the release from impoundment of transcripts describing communications between the mother and her psychotherapist, the judge did not allow release of "the documentary evidence of communications between Mother and her therapist."  He qualified this ruling by stating that "if Mother's mental health becomes an element of her defense, the parties may again move this Court to determine if good cause exists to release such documents."  The judge denied the release of all other documents requested.  The judge placed limitations on the use of the material that was released, which was to be held protectively and confidentially, and to be returned to the Juvenile Court at the conclusion of the criminal

mean that those transcripts could be introduced at his criminal trial regardless of whether the mother decided to testify.

trials.  He noted also that release to the requestors had no bearing on the question of admissibility at trial.  The judge then allowed the mother's motion for a stay to permit her to pursue an appeal.

The mother and father each filed timely notices of appeal. In December 2018, we allowed the mother's petition for direct appellate review of the case; that petition includes both the mother's and the father's appeal.  On appeal, the mother contends that the Juvenile Court judge's order does not sufficiently consider and weigh her constitutional rights in its good cause determination; the order provides no justification for releasing the transcripts of the mother's psychotherapist's testimony at this point; and the judge abused his discretion in not giving proper consideration to the mother's privacy rights. The father argues that the judge erred in denying his motion for relief from impoundment of the trial exhibits, GAL reports, and court investigator reports.[3]

2.  Discussion. a.  Standard of review.  Juvenile Court Standing Order 1-84 provides:

"All [J]uvenile [C]ourt case records and reports are confidential and are the property of the court. Reports loaned to or copied for attorneys of record, or such other persons as the court may permit, shall be returned to the court after their use or at the

[3] On appeal, the father no longer seeks access to copies of pleadings or the judge's order and findings of fact and conclusions of law following the care and protection trial.

conclusion of the litigation, whichever occurs first. Said reports shall not be further copied or released without permission of the court."

Although all records of Juvenile Court proceedings are impounded, pursuant to Rule 11 of the Uniform Rules of Impoundment Procedure, Mass. Ann. Laws Court Rules, Standing Orders of the Juvenile Court, at 974 (LexisNexis 2018), "[a]ny party or interested nonparty may file a motion supported by affidavit for relief from impoundment."  In M.C. I, this court adopted the good cause standard of Rule 7 as the appropriate standard to use in evaluating requests by the parties or the Commonwealth for access to the impounded records of care and protection proceedings.  See M.C. I, 479 Mass. at 254.  In adopting this standard, we recognized that "[b]ecause Rule 7 requires a Juvenile Court judge to balance the rights of the parties based upon the specific facts presented in each case, there is no need to adopt standards and protocols similar to those set forth in [Commonwealth v.] Dwyer, 448 Mass. 122 [(2006)]."  Id.

Rule 7(b) provides that, "[i]n determining good cause, the court shall consider all relevant factors, including, but not limited to, (i) the nature of the parties and the controversy, (ii) the type of information and the privacy interests involved, (iii) the extent of the community interest, (iv) constitutional rights, and (v) the reason(s) for the request."  In analyzing

the good cause standard, a trial judge must "balance the rights of the parties based on the particular facts of each case." M.C. I, 479 Mass. at 254, quoting Boston Herald, Inc. v. Sharpe, 432 Mass. 593, 604 (2000).

"The purposes of a care and protection proceeding, and the evidence introduced in such proceedings, are entirely different from the concerns of a criminal trial." M.C. I, 479 Mass. at 255. Care and protection proceedings "are not designed to be discovery mechanisms for criminal proceedings," and do not afford as many procedural protections as do criminal trials. See id. at 256. Investigations in care and protection proceedings involve "the most intimate details of the parents' and child's lives, and reports undertaken by the department may well include much that is hearsay, not relevant to the events at issue in a criminal case, and specifically intended to attack a parent's character." Id. at 255, citing Gilmore v. Gilmore, 369 Mass. 598, 604-606 (1976). Investigative reports, including GAL reports, almost inevitably contain unsupported assertions by third parties, and a judge will not rely upon them as evidence in a care and protection proceeding unless a parent has the opportunity to contest the report. M.C. I, supra at 255-256 ("Such concerns, and the lack of relevance of these types of materials in a criminal proceeding, should guide judges in weighing whether good cause exists for the release of such

materials"). See <u>Adoption of Mary</u>, 414 Mass. 705, 710 (1993) (addressing parents' right to contest GAL report).

Because of the Hobson's choice that confronts a parent in deciding whether to testify at a care and protection proceeding (where the department routinely draws adverse inferences if a parent declines to testify, see <u>Custody of Two Minors</u>, 396 Mass. 610, 616 [1986]), and risk self-incrimination at a later criminal trial, a parent's testimony at a care and protection proceeding ordinarily is inadmissible at a subsequent criminal proceeding. <u>M.C. I</u>, 479 Mass. at 262. Such testimony may be introduced only if the parent decides to testify, and then only as impeachment evidence. The testimony of the parent's psychotherapist is not admissible at that parent's criminal trial unless the parent "puts [his or] her mental health at issue in [his or] her defense." <u>Id</u>. at 263.

With these standards in mind, we turn to the challenges to the judge's decision on remand.

b. <u>Finding of good cause</u>. In finding good cause for release of the transcript and limited release of the medical records, the judge analyzed the enumerated factors set forth in Rule 7(b), as examined by this court in <u>M.C. I</u>, 479 Mass. at 249. He also analyzed other "relevant factors" and undertook to balance, as required, all the parties' interests. The judge found that the nature of the parties in the cases is nearly

identical, with the district attorney's office stepping into the department's role as a representative of the Commonwealth, and that the parents have the advantage of having gone through previous proceedings concerning the allegations in the criminal cases. The judge noted that the purposes of care and protection proceedings are entirely different from those of a criminal trial, and the information sought by the father and the Commonwealth is "of the most personal nature." The judge observed, however, that "[t]he extent of community interest in this case cannot be understated," the public has an interest in seeing that justice is done in a case dealing with charges of serious injury to a child, and the information would permit more "expedient use of court resources" and would "promot[e] judicial economy."

The judge also discussed the important, and sometimes conflicting, constitutional rights that are implicated in a motion to release impounded documents in care and protection proceedings, including parents' fundamental rights to raise their child, the right of a criminal defendant to put forth a defense, and the right against self-incrimination, as well as the child's and the parents' rights to privacy.

Ultimately, the judge determined that the father's right to access prior sworn statements of potential witnesses outweighed the mother's argument that release of the transcript would

infringe upon her Fifth Amendment right against self-incrimination, as the mother had been adequately represented by criminal counsel in deciding to testify at the care and protection trial. Moreover, the judge observed, the mother maintains the right against self-incrimination in the criminal cases, where she cannot be compelled to testify.[4],[5] The judge did not explicitly set forth his reasoning regarding the denial of the release from impoundment of the other requested documents.

c. Application of Rule 7(b) factors. In her appeal, the mother focuses on the portions of the order allowing release of her own testimony and that of her psychotherapist. Because the mother does not appear to challenge the limited release of portions of the child's medical records, and the release of the other trial testimony, we consider those issues to be waived. See Commonwealth v. Harrington, 379 Mass. 446, 449 (1980)

---

[4] The judge did not state explicitly, but we presume that he properly determined implicitly, that the mother's testimony at the care and protection proceeding also could not be introduced in lieu of her testimony, should she decide not to testify at the pending criminal trials.

[5] In addition to discussion of the stated factors, the judge looked to the position of the child with respect to release from impoundment. Notwithstanding that the documents contain intimate details of the child's trauma, the child now supports their release. The judge noted correctly that access to the transcript does not ensure admissibility at the criminal trials.

("issues not . . . pursued in available appellate proceedings are treated as waived").

Even assuming that those issues have not been waived, we discern no abuse of discretion in the judge's decisions that good cause has been established with respect to the release of the other trial transcripts and the limited release from impoundment of the child's medical records, to both the father and the Commonwealth.  Accordingly, we focus our discussion on the transcripts of the mother's testimony and the testimony of her psychotherapist.

i.  Mother's testimony.  The mother argues that, in allowing release of the transcripts of her testimony, the judge abused his discretion and misapplied the factors to be considered in deciding a motion for release from impoundment; focused far too heavily on judicial efficiency (not one of the factors to be considered under Rule 7[b]), and speculated inappropriately that "[b]oth sides having access to the necessary information may allow for a more expedient use of court resources, such as stipulating to the likely testimony of certain witnesses based on their prior testimony."  The mother also argues that the judge did not sufficiently weigh the mother's constitutional rights to privacy and to raise her own child, and her right against self-incrimination, and instead focused impermissibly on the "efficient resolution" of the

criminal cases. Even given the limitations on admissibility, the mother maintains, permitting release of a parent's testimony in a care and protection proceeding for examination by the Commonwealth, regardless of whether that parent testifies at a subsequent criminal trial, would have a "chilling effect" on parents' decisions whether to testify in an effort to maintain a parental role with their children. Hence, notwithstanding this court's decision in M.C. I, 479 Mass. at 262 & n.9 ("prior testimony at the care and protection proceeding would be admissible as impeachment evidence"), the mother maintains that, in considering the good cause standard, a Juvenile Court judge "should regard the testimony of a parent in a care and protection proceeding as presumptively out of bounds."[6]

The mother's argument is somewhat misguided. The fact that a parent's prior testimony might be used for impeachment purposes at a criminal trial necessitates that it be released from impoundment in certain circumstances. See M.C. I, 479 Mass. at 254, 262 & n.9.

---

[6] Indeed, while acknowledging this court's determination in M.C. I, 479 Mass. at 262 & n.9, that a parent's testimony in a care and protection proceeding is inadmissible against that individual in a later criminal trial, other than for purposes of impeachment in the event that the parent decides to testify, the mother nonetheless maintains that "[t]his [c]ourt did not comment specifically . . . on whether the parent's testimony could ever be subject to relief from impoundment."

On the other hand, with respect to the reasons given by the Commonwealth for the release of the transcripts of the mother's testimony, we agree with the mother that the arguments advanced by the Commonwealth do not establish good cause for release to the Commonwealth prior to the mother's decision to testify.

A. Father's motion for release. With respect to the father's argument that he needs the transcripts to prepare for his third-party culprit defense and the cross-examination of witnesses at his pending criminal trial, we agree with the Juvenile Court judge that the father has established good cause for the limited release the judge allowed.

The judge's decision indicates clearly that he considered and weighed the parties' reasons for their requests for relief from impoundment, along with the other Rule 7 factors, see M.C. I, 479 Mass. at 249, as well as several additional considerations. In addressing the reasons for the request, the judge acknowledged the father's right to "fully mount a defense in his criminal case," and the Commonwealth's argument regarding the relevancy and materiality of the items sought in relation to harm to the child, as well as the inability to obtain the mother's testimony by ordinary means of discovery.

The judge carefully considered all the factors in the Rule 7(b) balancing test set forth in M.C. I, 479 Mass. at 249. He noted that the nature of the parties in the cases is nearly

identical, with the district attorney's office, rather than the department, serving as a representative of the Commonwealth at the criminal trials. The decision properly indicated that the proceedings in a care and protection case are entirely different from those in a criminal trial, highlighted the differing purposes and potential outcomes of the two, and addressed those differing concerns. The judge began his analysis of the interests of the parties by noting that the information sought "is of the most personal nature." He recognized that access to the records of care and protection proceedings implicates privileges such as the psychotherapist-patient privilege and the attorney-client privilege (such as with respect to electronic mail messages between the mother and her attorney), as well as confidential medical information. At the same time, the judge emphasized that "[t]he extent of community interest" in this case "cannot be overstated," where a serious injury has been inflicted on a child. He noted that the public, along with the parties to the criminal cases, has a "vested interest in seeing that justice is done."

The mother argues that the judge did not sufficiently weigh her constitutional rights, and the implications of relief from impoundment: the chilling effect that the mother argues would ensue in regards to a parent testifying at a care and protection proceeding if the testimony could be discoverable by the

Commonwealth. M.C. I, 479 Mass. at 262. Indeed, to some extent, the father could argue that the prospect of the use of his testimony at his criminal trial did have a chilling effect on his initial decision not to testify at the care and protection proceeding, where he testified only to the extent of asserting his Fifth Amendment privilege. At this point, however, the interests of the father and the mother are adverse, and the release from impoundment of the mother's testimony, for the father's use in preparing for his own criminal trial and his third-party defense, does not place him in the impossible position of having to choose between two constitutionally protected rights.

As the mother chose to offer her testimony at the care and protection proceeding where the father was a party and heard all the mother's statements, she has a lessened privacy interest with respect to limited, confidential release of transcripts of that testimony to the father. M.C. I, 479 Mass. at 261-262. To obtain confidential access to the mother's testimony, the father need not, as the mother suggests, indicate which specific information in the mother's testimony might be exculpatory, and receive only those portions of the transcript. The mother's constitutional rights are protected by the limitation that her testimony in the care and protection proceeding may be introduced solely at her own criminal trial, if she decides to

testify at that proceeding, and then only for impeachment purposes "should her testimony differ significantly from her testimony at the care and protection proceeding." Id. at 262 n.9. With respect to her testimony concerning her communications with her psychotherapist, that testimony would be admissible at the mother's criminal trial only if she chooses to introduce a mental health defense. The father's suggestion, in his brief on appeal, that he could introduce transcripts of the mother's testimony as exhibits at his own criminal trial is unavailing.

B. Commonwealth's motion for release. Although the judge determined that the Commonwealth had established good cause in support of its request for relief from impoundment of the mother's testimony, we conclude that the judge's determination concerning that testimony was premature. The Commonwealth stated that it requested relief from impoundment in order to assist the parties in preparation for trial, and to ensure that all parties in the criminal cases understand "previous testimony of likely witnesses." In its motion, the Commonwealth asserted that the requested evidence "likely" was "relevant" to the criminal cases and that "the sought-after information or evidence also may provide further investigatory links to other heretofore unknown relevant evidence."

Undoubtedly, "the mother has a diminished privacy interest in the records of [the care and protection] proceeding, with respect to the parties seeking the records." M.C. I, 479 Mass. at 259.  The father was present throughout the care and protection hearing, so her privacy interests are greatly diminished with respect to him; that is not entirely the case with the assistant district attorney.  The motion judge properly pointed out that the mother's privileges would not be deemed waived in the criminal proceeding unless she chose to testify in the criminal trial.

The mother argues that the judge did not sufficiently weigh her constitutional rights, implicating the fourth factor of Rule 7:  the chilling effect that the mother argues would ensue in regards to a parent testifying at a care and protection hearing if that testimony could be discoverable by the Commonwealth.  M.C. I, 479 Mass. at 262.  We made clear in M.C. I that the waiver of the privilege against self-incrimination at a care and protection proceeding does not result in a waiver of that privilege at the subsequent criminal trial.  Id. at 261-262.  As the mother has the ability to reassert that privilege at the criminal trial, any chilling effect should be minimized.  The mother's testimony would be admissible at the criminal trial, in the event that she decides to testify, only for impeachment purposes, if her testimony at

the criminal trial is inconsistent with her statements under oath at the care and protection hearing.  See Commonwealth v. Rivera, 425 Mass. 633, 637-638 (1997).

While the judge allowed the release of the mother's testimony to the Commonwealth as a more "efficient" process, in the event that the mother did choose to testify, in the balancing of constitutional and privacy interests at this stage, where the mother has not indicated that she will testify, the Commonwealth's assertion that "the sought-after information or evidence also may provide further investigatory links to other heretofore unknown relevant evidence" remains a "vague and general fishing expedition," M.C. I, 479 Mass. at 259, that does not meet the good cause standard set forth in M.C. I, supra at 262.  See Rule 7(b) of the Uniform Rules on Impoundment Procedure.

The Commonwealth's concerns with efficiency and the smooth operation of the criminal trials can be met by allowing the Commonwealth's motion for access to transcripts of the mother's testimony, to be provided to the Commonwealth upon notice that the mother has stated her intention to testify at the criminal trials.[7]

---

[7] If the mother does not decide whether to testify until after the Commonwealth rests, the Commonwealth should be given a brief recess to examine the mother's care and protection testimony in order to prepare for cross-examination.

ii.  Psychotherapist's testimony.  The mother argues that the judge abused his discretion in allowing the release of her psychotherapist's testimony to the Commonwealth where she has not stated an intention to pursue a mental health defense at trial.  See G. L. c. 233, § 20B (patient-psychotherapist privilege); M.C. I, 479 Mass. at 263.  We agree.

The judge properly limited access to information ordinarily protected by the patient-psychotherapist privilege by denying relief from impoundment of documentary evidence related to communications between the mother and her therapist.  While there was no error in that ruling, it did not go far enough.  As with the release of the mother's testimony, in allowing the release of the psychotherapist's testimony to the Commonwealth, the judge clearly expressed his concerns about efficiency.  This concern, alone, does not serve to tip the balance toward release from impoundment where the mother's Fifth Amendment rights and the patient-psychotherapist privilege are both at play.  Unless and until the mother provides notice that she intends to pursue a mental health defense, her psychotherapist's testimony should not be released to the Commonwealth.  Should she do so, at that point the Commonwealth should be provided the transcripts of the psychotherapist's testimony upon notice to the Juvenile Court of the mother's intention.

iii. <u>Trial exhibits, GAL reports, and court investigator reports</u>. The father asserts that the GAL reports and investigative reports likely contain information about the family circumstances that will aid him in his defense in the criminal trial. The father argues that the judge abused his discretion in denying the motion for relief from impoundment of the trial exhibits, the GAL reports, and the court investigator reports. The father maintains that his constitutional right to present a defense establishes that he met the good cause standard of Rule 7 with respect to all the requested documents, and that his due process right to receive exculpatory evidence has been violated by the denial of the motion for release from impoundment.

We conclude that there was no error and no denial of due process in the denial of the motion. The father was present throughout the care and protection proceeding, received copies of many of the documents introduced in that proceeding, and is well aware of the tenor of the testimony insofar as it might suggest a basis of his defense. Contrary to the father's arguments, in denying the request for release, the judge properly balanced the competing constitutional concerns at issue in the context of allowing access to impounded records in care and protection proceedings. See <u>M.C. I</u>, 479 Mass. at 248-249. The judge's decision did not preclude the defendant from

pursuing a third-party culprit defense or from introducing relevant evidence in his defense.

In M.C. I, 479 Mass. at 257, we observed that "[the judge's] decision not to disclose the GAL report was appropriate . . . . Where it was likely that the reports contained information that not only was irrelevant to the criminal proceedings, but also would not be admissible as evidence, the trial judge properly withheld their disclosure." Our reasoning in that case, regarding the same GAL reports requested here, applies equally to the same request in the father's renewed motion. Similarly, as with the GAL reports, the investigative reports likely contain multiple-level hearsay that will not be relevant at the criminal trial. Id., citing Adoption of Georgia, 433 Mass. 62, 68 (2000). There was no error in the judge's decision not to allow the father's request for access to the GAL reports and the investigative reports.

In addition to his assertion that his motion for relief from impoundment met the good cause standard, the father argues that the trial exhibits are necessary in order to understand the trial testimony, and the transcript will be difficult to understand without the exhibits. While this argument may have superficial appeal, the judge did not find good cause to release the documents, and we do not disturb his decision absent a clear error of judgment. See L.L. v. Commonwealth, 470 Mass. 169, 185

n.27 (2014). As stated, the father was present throughout the care and protection proceeding and able to see and hear the witnesses testify. To disturb the judge's finding, the party seeking to do so must demonstrate to our satisfaction that "no conscientious judge, acting intelligently, could honestly have taken the view expressed by him." Commonwealth v. Ira I., 439 Mass. 805, 809 (2003), quoting Commonwealth v. Bys, 370 Mass. 350, 361 (1976).

The father's assertion that he will be relying upon a third-party culprit defense that the mother was the person responsible for the child's injuries does not alter our view that the exhibits[8] that the father seeks likely contain unsubstantiated hearsay that will not be admissible in a criminal trial. The father is correct that, generally, a third-party culprit defense supports the "admission of relevant evidence that a person other than the defendant may have committed the crime charged." Commonwealth v. Silva-Santiago, 453 Mass. 782, 800-801 (2009). This "latitude," however, "is not unbounded." Id. at 801. The evidence "must have a rational

---

[8] Should a specific portion of the testimony be determined to be incomprehensible without access to a referenced exhibit, the party making such an assertion may file a separate motion in the Juvenile Court demonstrating that the testimony is indeed not able to be understood absent that exhibit, and otherwise establishing that confidential and limited release of that exhibit would meet the requirements of good cause for relief from impoundment under Rule 7(b).

tendency to prove the issue the defense raises, and the evidence cannot be too remote or speculative." Commonwealth v. Rosa, 422 Mass. 18, 22 (1996). Investigative and GAL reports likely are too speculative, full of lay opinion, and rife with hearsay to be admissible at a criminal trial. We discern no error in the judge's decision to deny the father's motion for access to the GAL and investigative reports.

3. Conclusion. As stated, the judge allowed release from impoundment of the entirety of the care and protection trial transcript (at which numerous witnesses testified) to both the father and the Commonwealth; access to the child's medical records (for review but not copying) by both the father and the Commonwealth; and access by both the father and the Commonwealth to medical records that were entered in evidence at the care and protection proceeding, for review only, upon a showing of their unavailability through discovery in the Superior Court. The judge properly placed limitations on the use of the documents released, which were to be held protectively and confidentially, and returned to the Juvenile Court at the conclusion of the criminal trials. He noted that the limited release was for trial preparation, and did not imply in any way admissibility at trial.

The order allowing, in part, and denying, in part, the father's motion for limited relief from impoundment is affirmed.

The father shall have access to the entire unredacted transcript of the testimony at the care and protection proceeding, subject to the limitations on confidentiality and release to others, and return to the Juvenile Court at the end of the criminal trial, that the motion judge ordered. The motion judge properly denied the father's motion for release of exhibits, court investigators' reports, GAL reports, all pleadings filed in the care and protection case, and a copy of the court's findings and rulings in that case.

With respect to the Commonwealth's motion for relief from impoundment, the judge's order is affirmed except for so much of the order as allows limited relief from impoundment of the testimony of the mother and her psychotherapist. The Commonwealth shall have access to the entirety of the transcript of the care and protection proceeding, absent the mother's and her psychotherapist's testimony, which the Commonwealth may obtain contingent upon the mother's decision to testify or to put her mental health at issue. By the terms of the judge's order, the Commonwealth may examine without copying the child's medical records, as well as all medical records that were entered in evidence at the care and protection trial.

The matter is remanded to the Juvenile Court for entry of a modified order (1) allowing the Commonwealth access to transcripts of the mother's testimony if she should decide to

testify at trial, under the same conditions as the other documents that have been released by the terms of the order; and (2) allowing the Commonwealth to obtain transcripts of the psychotherapist's testimony should the mother give notice that she intends to pursue a mental health defense, under the same conditions as the other documents that have been released.

<u>So ordered</u>.